UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : <br> : <br> :   NO.: 3:00 CV 0052 (DJS) <br> : |
| v. | : <br> : |
| MICHAEL BREEN | : |

| | |
|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : <br> : <br> :   NO.: 3:01 CV 0229 (DJS) <br> : |
| v. | : <br> : |
| NORTH BRANFORD | :   June 8, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO BIFURCATE**

Pursuant to Fed.R.Civ.P. 42(b) and D.Conn.L.R. 7 and 42, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, submit the following Memorandum of Law in support of their Motion to Bifurcate dated June 8, 2004.

**I.   BACKGROUND.**

The present civil action is comprised of two separate lawsuits: Cowan v. Breen, No. 3:00 CV 0052 (DJS) and Cowan v. North Branford, No. 3:01 CV 0229 (DJS). While these lawsuits arise from the same common nucleus of fact, they make very different factual allegations and allege different causes of action.

As the court may recall, both lawsuits arises from a motor late-night vehicle stop of Steven Guerette by Officer Michael Breen in the Town of North Branford. The plaintiff's decedent, Victoria Cooper, was a passenger in the vehicle driven by Guerette. In the course of the traffic stop, Officer Breen attempted to arrest Guerette who fled the

scene. After initially chasing Guerette, Officer Breen broke off his pursuit when his radio malfunctioned and moved to return to the location of the stop. The resulting pursuit left Officer Breen downrange of the stopped vehicles on Route 80. While walking back towards the stopped vehicles, Cooper operated the formerly stopped vehicle towards Officer Breen. Officer Breen believed his life was in danger and fired his service weapon at the vehicle to defend himself. As a result, the driver, Victoria Cooper, was killed. The parties dispute the scope, nature and circumstances of the incident and the plaintiff has claimed, *inter alia*, that Officer Breen used excessive force against Cooper, in violation of her Fourth Amendment rights.

On January 11, 2000, the plaintiff filed her first lawsuit against Officer Breen alleging a variety of legal theories that distill into a claim that Officer Breen violated Cooper's Fourth Amendment rights to be free of excessive force. The plaintiff also claims Officer Breen committed the state law torts of assault and battery upon Cooper. The body of evidence on these issues would be that necessary to establish the events of that evening. From the plaintiff's perspective, much of this evidence will be in the nature of the State's Attorney's investigation, the forensic reconstruction, and a significant amount of circumstantial evidence as the plaintiff's decedent, by definition, is not present to testify as to her version of the events. All of this evidence will be focused on the moment Officer Breen decided to utilize deadly force. The only relevant evidence will be whether Officer Breen reasonably feared for his life. The policies, practices and procedures of the Town of North Branford are not relevant to this inquiry.

More than a year later, the plaintiff later filed a second lawsuit against the Town of North Branford based on Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018,

56 L.Ed.2d 611 (1978).  In the second suit, the plaintiff claimed that the Town's policy instructing officers to fire a "double-tap" or two shots in quick succession and the absence of a policy prohibiting shooting at motor vehicles was a violation of the decedent's constitutional rights which would incur municipal liability.  Evidence on the issue of municipal liability would be different than what is offered against Officer Breen. Here, more than 10 years of policies, practices and training of North Branford police officers would be discussed, examined and reviewed.

On motion of the plaintiff, the lawsuits were consolidated for all purposes, including discovery and dispositive motions. *See* Docket Entry #22, March 14, 2001. That motion was granted and the parties engaged in significant fact discovery. Following the bulk of the fact discovery, the parties engaged in significant expert discovery.  Both fact and expert discovery covered the issues presented in each lawsuit.

Thereafter, the defendants filed a consolidated motion for summary judgment which was denied.  The decision was appealed and the Court of Appeals affirmed the decision.  The parties both moved for a panel rehearing which was denied on April 28, 2004. On June 3, 2004, the Court of Appeals issued the mandate, returning jurisdiction to the District Court.  Based on the scheduling order operative in this case, the parties have thirty (30) days in which to file the joint trial memorandum.  The parties have also moved to extend the time to file the joint trial memorandum.

Because of the issues raised in this case, the timing for final preparations for trial and the nature of the joint trial memorandum, the defendants now move that the trial is bifurcated so that the plaintiff's claims against Officer Breen are tried first.  If no constitutional violation is found, the trial against the Town would not take place.  If and

3

only if the jury concludes Officer Breen violated Cooper's rights would a trial on the claims against the Town of North Branford proceed. For the reasons set forth below, the defendants submit bifurcation is proper and should be ordered in this case.

## II.  LAW AND ARGUMENT.

### A.  STANDARD OF REVIEW.

Fed.R.Civ.P. 42(b) affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency. *See* Fed.R.Civ.P. 42(b). The District Court has broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992); Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (2d Cir. 1999). However, "[t]hese factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 1993 WL 260676 at *2 (N.D.N Y 1993) (*McCurn, J.*), *citing* Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992)

The very nature of claims based on Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and brought through 42 U.S.C. §1983 lend themselves to bifurcation as in order to trigger Monell liability, plaintiffs must show that their injuries rise to the level of a "constitutional tort." Id. at 691, 98 S.Ct. at 2036. If there is no constitutional violation in the first instance, there cannot be liability on the part of the municipality. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Monell, therefore creates an order of proof that favors bifurcation. Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (2d Cir. 1999).

4

> **B.     THE DISTRICT COURT SHOULD ORDER THE TRIALS OF OFFICER BREEN AND THE TOWN OF NORTH BRANFORD BIFURCATED SO THAT THE TRIAL OF THE PLAINTIFF'S CLAIMS AGAINST THE TOWN ARE REACHED IF AND ONLY IF A CONSTITUTIONAL VIOLATION IS FOUND ON THE PART OF OFFICER BREEN.**

Fed.R.Civ.P. 42(b) grants the District Court broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992). While "[t]hese factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 1993 WL 260676 at *2 (N.D.N Y 1993) (*McCurn, J.*), *citing* Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992). Nevertheless, the defendants submit that reasons exist in the present case to order bifurcation under all three elements identified in Fed.R.Civ.P. 42(b).

In Amato v. City of Saratoga Springs N.Y., 170 F.3d 311 (2d Cir. 1999), the Court of Appeals for the Second Circuit affirmed the district court's decision to bifurcate the trial so that evidence on the issue of police officers accused of excessive force would be tried first and if the jury found liability on the part of either officers trial against the municipality would immediately commence with the same jury. Id. at 316. The Court of Appeals concluded that the use of Rule 42(b) of the Federal Rules of Civil Procedure to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency was appropriate, especially where the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party. Id.

5

The Court of Appeals agreed both elements were present in <u>Amato</u>. The Court of Appeals affirmed the district court's decision that a trial against the municipal defendants would prove unnecessary if the jury found no liability against Amato defendants. <u>Amato</u>, 170 F.3d at 316. In that manner, the Court of Appeals held bifurcation would further the goal of efficiency. <u>Id.</u> Additionally, the Court of Appeals agreed that the plaintiff intention to introduce evidence in support of his claim against the municipality that would likely be either inadmissable as against individual <u>Amato</u> defendants, or prejudicial to those individual defendants would be another basis for bifurcation. <u>Id.</u>

The Court of Appeals also stated the holding <u>Amato</u> was:

> informed by the fact that the frequent bifurcation of proceedings where a plaintiff has initiated a §1983 action against individual officials and municipal entities. Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a "policy and custom" on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of negligent training is only actionable where some constitutional violation actually occurred. *See* <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986). For these reasons, trial courts will, with some frequency, exercise their discretion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and sever the proceedings.

<u>Amato v. City of Saratoga Springs N.Y.</u>, 170 F.3d 311, 320 (2nd Cir. 1999).

The same issues are presented in this consolidated action.

### 1. *The Trial Should Be Bifurcated For The Convenience Of The Litigants, Counsel, The Jury And The Court.*

As discussed above, the two lawsuits are about two separate issues – individual liability of Officer Breen, if any, - and the liability of the Town. The specifics of the event

itself are far removed from the question whether the presence (or absence) of municipal policy caused Cooper's death. Indeed, there is little overlapping evidence. The case against Officer Breen is a reconstruction of where everyone was positioned and the threat of imminent physical injury at the moment Officer Breen decided to employ deadly force. The jury question as to Officer Breen's reasonable belief is much different than the propriety of the policies adopted (or not adopted) by the Town and training provided to Officer Breen over the previous 12 years.

Separation of the two suits would eliminate witnesses and limit the areas for testimony. The separation of the trials would eliminate the need to call the Chief of Police and 2 training officers who have been deposed. Moreover, each expert would give a much shortened presentation as their opinions would be limited to the reasonableness of Officer Breen's actions on Route 80 and nothing more.

Bifurcation would be also convenient for the litigants, counsel, the jury and the Court. As to the litigants, this presentation of evidence would separate the issues in a more digestible form for presentation by counsel and consideration by the jury. Elimination of witnesses would lessen the burden on both the jury and the Court.

### 2. *The Trial Should Be Bifurcated To Avoid Prejudice To Officer Breen.*

The plaintiff's lawsuit makes serious allegations that Officer Breen intentionally killed Victoria Cooper out of malice. This is a serious allegation against a public official, a law enforcement officer. In addition to concerns of convenience, the trials should be bifurcated to avoid prejudice to Officer Breen. With the Town as a co-defendant, Officer Breen would be prejudiced if evidence about the night in question and the plaintiff's

7

claims as to the policies of the Town were mixed. The confluence of such evidence could cloud jury's judgment between defendants. Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (bifurcation favored as evidence against one defendants could not be admitted without compromising rights of co-defendants); Ismail v. Cohen, 706 F.Supp. 243 (S.D.N.Y. 1989) (bifurcating Monell claim where evidence admissible on issue of one defendant's liability may prejudice other defendant); Aetna Life and Casualty Co., 60 F.R.D. 101 (N.D. Ill. 1973) (prejudice may occur when evidence is admissible only on a certain issue). The policies and procedures have nothing to do with the reasonableness of Officer Breen's belief that he was in danger on the night in question. However, the jury may be tempted to hold the Town's failure to adopt an appropriate policy against Officer Breen. In Ismail v. Cohen, for example, the court found that:

> There is a danger that evidence admissible on the issues relating to the conduct by the City or [the officer] will "contaminate" the mind of the finder of fact in its consideration of the liability of the other defendants. . . . if the jury determines that [one defendant] is culpable this might unfairly influence it determination whether the City had a *de facto* policy leading to discriminatory treatment.

706 F.Supp at 251

If there is no constitutional violation in the first instance, there cannot be liability on the part of the municipality. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Monell, therefore creates an order of proof that favors bifurcation. Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (2d Cir. 1999).

Accordingly, bifurcation is proper in this instance.

8

### 3.  *Bifurcation Of The Trial Will Result In Greater Judicial Efficiency.*

Undoubtedly, the interests of justice favor a shorter trial.  Given the separate evidence about official policies and procedures, pervasive practices that have the effect of policy and the training provided to North Branford police officers, concerns of efficiency additionally militate in favor of bifurcation. It is well-settled that a Monell claim lies against a municipality only where there is a finding of a constitutional violation by one of its officers. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). Thus, a no-cause verdict against the individual defendants would obviate the necessity of a trial on plaintiff's Monell claim. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997).

Practically speaking, there is a strong likelihood that a second trial on Monell issues will never be necessary.  If there is no constitutional violation by Officer Breen, there can be no Monell liability as a matter of law. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994).  If Officer Breen is found to have violated Victoria Cooper's constitutional rights and the he is not entitled to qualified immunity, Cooper's estae will received full damages, making a second trial superfluous.[1]  The defendants submit that their Motion for Bifurcation should be granted and that trial will proceed first with

---

[1] It is undisputed that the plaintiff would never have the opportunity for punitive or exemplary damages against a municipality.  Thus, the plaintiff's full recovery against Officer Breen would represent a comprehensive measure of damages.  The only scenario necessitating a second trial is if a constitutional violation is found but Officer Breen is given qualified immunity. In this event, the defendants submit that settlement is the most likely outcome.

9

plaintiff's claims against Officer Breen. If liability is found against Officer Breen, the Court will proceed with the Monell claims against the Town. In the interests of economy and efficiency, it is appropriate that the trials should proceed "back-to-back" with the same jury. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997); *accord*, Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 316 (2nd Cir. 1999).

If this motion is granted, the defendants also submit that the court should require that the parties to submit a joint trial memorandum for each trial or to enter orders as to the preparation of a single joint trial memorandum that adequately and clearly separates the issues as to each trial.

### III.    CONCLUSION.

WHEREFORE, the defendants pray their Motion to Bifurcate is granted.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
MICHAEL BREEN and TOWN OF
NORTH BRANFORD

/s/John J. Radshaw, III
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 8th day of June 2004.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

                                      /s/John J. Radshaw, III
                                      Thomas R. Gerarde
                                      John J. Radshaw, III