UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET COWAN, : | |
| ADMINISTRATRIX OF THE ESTATE : | |
| OF VICTORIA COOPER : | NO.: 3:00CV52 (RNC) |
| : | |
| v. : | |
| : | |
| MICHAEL BREEN : | |

------------------

| | |
|---|---|
| MARGARET COWAN, : | |
| ADMINISTRATRIX OF THE ESTATE : | |
| OF VICTORIA COOPER : | NO.: 3:01CV229 (RNC) |
| : | |
| v. : | |
| : | |
| TOWN OF NORTH BRANFORD : | APRIL 14, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' REQUEST FOR LEAVE TO AMEND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS DATED APRIL 29, 2002**

The District Court may permit the amendment of an admission or other response, or the filing of a late response, if the Court is satisfied that the presentation of the merits of the action will be subserved by the amendment, and that the party who obtained the admission or response will not be prejudiced in maintaining the action on the merits if the amendment is allowed. Fed. R. Civ. P. 36(b). The District Court has great discretion in deciding whether to allow the amendment of admissions and any party contesting the amendment must demonstrate prejudice. United States v.

Branella, 972 F. Supp. 294, 301 (D.N.J. 1997). Furthermore, the District Court has the discretion to allow a defendant to file a response to a request for admissions, when the failure to file was in advertent, the decision on the merits would be advanced, and plaintiff would not be prejudiced by a late response. Upchurch v. USTNET, 160 F.R.D. 131, 132 (D.Or. 1995).

In the present case, the defendants seek to make two amendments. The first is to defendants' response to Request for Admissions 24, where the defendants seek to amplify their response. The original request and response read as follows:

> 24. Breen was approximately 50 feet away from the Camaro when he fired his first shot.
>
> **RESPONSE**: The defendants admit that Officer Breen was approximately 50 feet away from the Camaro when he began to pull the trigger on his gun that resulted in the firing of the first shot.

The defendants affirm that the above response is accurate, and make no attempt to retreat from it. However, the expert discovery in this case has demonstrated that in a dynamic situation the distance between an officer standing still and a vehicle moving toward the officer can change dramatically from the moment the officer makes the unalterable decision to fire his weapon and the moment when the bullet actually ejects from the muzzle of the gun. Specifically, between the time an officer standing still makes an unalterable decision to fire his weapon and the moment the bullet ejects from the muzzle the officer must steady his aim while squeezing the

2

trigger, have the gun's hammer cocked and then strike the bullet, ignite the gases and eject the round.  Even if this entire process took .75 seconds a car moving at just 20 mph toward the officer would be more than 22 feet closer to him by the time the round actually ejected from the gun muzzle.  Although the concept of distance change during the process of firing a gun was discussed during discovery, and particularly during the deposition of Dr. Henry C. Lee, an expert disclosed by both plaintiff and defense, the defendants seek in an abundance of caution to make the response to Request for Admissions 24 more complete, in accordance with Fed. R. Civ. P. 26(e)(2) as follows:

> 24.	Breen was approximately 50 feet away from the Camaro when he fired his first shot.
>
> > **RESPONSE**:  The defendants admit that Officer Breen was approximately 50 feet away from the Camaro when he began to pull the trigger on his gun that resulted in the firing of the first shot. However, because the Camaro was traveling toward him at 30 ft/sec. or more, by the time Breen steadied his aim while squeezing the trigger, followed by the firing pin cocking and then striking the bullet and the resultant ejection of the round, the Camaro was much closer to Breen, at a distance Breen estimates to be approximately 20-25 feet.

As discussed above, trial of the merits of this action will be facilitated by allowing the above amendment, and the plaintiff will not be prejudiced in any way in her prosecution of the pending claims.  The information provided in the proposed

amplification is consistent with the reconstruction of the shooting performed by Dr. Henry C. Lee and the Connecticut State Police Major Crime Squad.

Request for Admissions 110 has no response provided. It reads as follows:

> 110. Based on training and experience, a reasonable officer in Breen's position at the time he decided to shoot Vicki Cooper would know that there were limits to how abruptly the Camaro could change its direction.
>
> **RESPONSE**:

The defendants deny this Request for Admissions, however, the word "denied" was inadvertently not typed as a response to this Request for Admissions. The defendants' denial of the plaintiff's proposition was, however, communicated to the plaintiff in the very next Request for Admissions, which reads as follows:

> 111. Based on training and experience, a reasonable officer would be aware of limits to how abruptly the Camaro could change its direction.
>
> **RESPONSE**:     Denied.

Because the defendants communicated to the plaintiff that they denied a reasonable officer would be aware of limits as to how abruptly a Camaro could change its direction in response to Request for Admissions 111, there would be no prejudice, and the trial on the merits of this case would be subserved, if the defendants were

4

allowed to repeat this denial in response to the substantively identical statement made in Request for Admissions 110.

The defendants have no explanation for the lack of a response to Request for Admissions 110 and must assume inadvertence. As indicated above, in <u>Upchurch v. USTNET</u>, <u>supra</u>, a District Court is authorized to allow this response to be filed. Indeed, if no response were permitted, and an admission was assumed, the responses to Request for Admissions 110 and 111, on the same substantive issue, would be in direct conflict, and elimination of such ambiguity would facilitate the orderly trial of this matter on its merits. See <u>Rohman v. Chemical Leman Tank LInes, Inc.</u>, 923 F. Supp. 42, 46 (S.D.N.Y. 1996) (plaintiff allowed to withdraw admissions because defendant would not be prejudiced maintaining action on merits without admission, and allowing withdrawal of admission eliminated possible inconsistencies); <u>Rolscreen v. Pella Prods. of St. Louis, Inc.</u>, 64 F.3d 1202, 1209-10 (8th Cir. 1995) (District Court did not abuse discretion refusing to accord binding effect to admissions, when request and responses had aspects of ambiguity).

For the reasons set forth above, the defendants seek the Court's permission to supplement their response to Request for Admissions 24, and to respond to Request for Admissions 110, in the manner attached hereto.

DEFENDANTS,
MICHAEL BREEN AND TOWN OF
NORTH BRANFORD


By__/s/ Thomas R. Gerarde_____
  Thomas R. Gerarde, ct05640
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 fax
  E-mail:  tgerarde@hl-law.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 14th day of April, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

William H. Clendenen, Jr., Esquire
Clendenen & Shea, LLC
P.O. Box 301
New Haven, CT  06502

                                                       /s/ Thomas R. Gerarde
                                                      Thomas R. Gerarde