UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | : <br> : <br> : | NO.: 3:00CV52 (RNC) |
| v. | : | |
| MICHAEL BREEN | : | |

--------------------

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | : <br> : <br> : | NO.: 3:01CV229 (RNC) |
| v. | : | |
| TOWN OF NORTH BRANFORD | : | MAY 17, 2005 |

**REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST TO AMEND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

The distance between Officer Breen and the approaching Camaro operated by Victoria Cooper at the time Breen's first shot was fired has been the subject of continuous analysis by plaintiff and defense experts since this lawsuit was first filed.

What is clear is that the Camaro was moving toward Officer Breen at a rate of at least 30 feet per second, possibly as quickly as 44 feet per second. It is also clear that fractions of seconds make a difference in determining the distance between Officer Breen and the approaching Camaro at any given instant in time. Thus, at the instant in time when Officer Breen made the unalterable decision to pull the trigger on

his handgun to fire the first shot, the Camaro was in one location. We also know that if Officer Breen blinked, trained his weapon, or steadied his aim for even a fraction of a second while pulling the trigger on his gun the Camaro would be closer. We know that the simple mechanics of Breen's firearm involve approximately five pounds of trigger pressure and the process of pulling the trigger, activating the hammer, striking the bullet and firing the round alone takes approximately 0.25 seconds -- a small period of time indeed, but not insignificant: during each 0.25 seconds that elapsed the Camaro would travel 7.5-11 feet closer to Officer Breen.

The conditions under which Officer Breen was asked to provide a distance estimate included being in a roadway, at night, with the Camaro coming toward him with the headlights on. There is no dispute that the Camaro traveled, from a stopped position, 177 feet toward Officer Breen in 6.0-6.5 seconds. What Officer Breen is being asked to estimate is the precise distance between him and the moving vehicle at the time the 5.0 second mark was hit.

Officer Breen stands by his original response that he was approximately 50 feet from the approaching Camaro at the time he began to pull the trigger to fire the first shot. The requested amendment seeks to amplify this response, consistent with the several expert investigations on both the plaintiff and defense side, as well as that of Dr. Henry Lee; and also to comply with the spirit and intent of F.R.C.P. 26(e)(2) which calls upon a party to amend a prior response to a request for admissions that is incomplete, if the circumstances are such that the additional information has not otherwise been made known to the other parties during the discovery process.

In terms of the timing of the amendment, the defendants provided the additional information to the plaintiff approximately three months prior to trial. Plaintiff is free to examine Officer Breen at trial concerning the timing of any amendment to his discovery responses, as plaintiff deems appropriate.

Allowing the amendment will not prejudice plaintiff in the presentation of her case. Plaintiff's latest reconstruction expert, Kent Schwendy[1], completed his report on May 12, 2005; thus, he had nearly four weeks to process the information provided by the amended response to the request for admissions. The reality is that Schwendy's opinion is not dependent upon Officer Breen being a specific distance at the time he began to pull the trigger to fire his first shot. Indeed, it is Schwendy's opinion that Officer Breen was 36 feet in the forward direction of the approaching Camaro at the time the bullet left the muzzle of Officer Breen's handgun. Schwendy makes the assumption that the bullet ejected from the muzzle of the gun 0.25 seconds after Officer Breen began to pull the trigger, but allowed that if any event occurred that extended the .25 seconds then the Camaro would be closer to Officer Breen. In Schwendy's words "if you put different data into the formula, you'll get different output data as the result." Mr. Schwendy's deposition transcript should be available after May 20, 2005 should the Court wish to review the transcript.

---

[1] Schwendy performed firearms testing in November 2003, and a reconstruction of the event in March 2005. He was disclosed for the first time by plaintiff as an expert expected to testify at the trial of this matter in May, 2005. The defense did not object to Schwendy's late disclosure, so long as the defendants were permitted to take Schwendy's deposition and file any Daubert motions that may be necessary. Mr. Schwendy's deposition went forward May 13, 2005.

Plaintiff's counsel acknowledges on page 12 of his objection that the defendant has the right to present evidence of the information contained in the proposed amendment at trial, a point with which the defense agrees. However, the defendant maintains that the spirit of Rule 26(e)(2) requires the subject amendment, and the trial of the merits of this matter will be subserved by allowing the amendment as proposed.

WHEREFORE, the defendants request the Court to overrule the plaintiff's objection to the defendants' request for leave to amend.

DEFENDANTS,
MICHAEL BREEN AND TOWN OF
NORTH BRANFORD

By_____
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 fax

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day of May, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

William H. Clendenen, Jr., Esquire
Clendenen & Shea, LLC
P.O. box 301
New Haven, CT  06502

Thomas R. Gerarde
John J. Radshaw, III