## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
        Plaintiff,

V.                                    :        CIVIL NO.: 3:00CV00052(RNC)
                                             ALL CASES

MICHAEL BREEN,                  :
        Defendant.


MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
        Plaintiff,

V.                                    :        CIVIL NO.: 301CV00229 (RNC)

TOWN OF NORTH BRANFORD  :        JUNE 1, 2005
        Defendant.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**Effect of Admissions** -
       In response to requests from the plaintiff, the defendants have formally admitted certain facts.  I instruct you that these admissions are binding on you and each of the items that have been admitted is conclusively established. That means that you should accept them as true. Because they have been conclusively established you will not hear proof about these facts, but the purpose of these admissions is to make the trial simpler and shorter by conclusively establishing certain fact. So you can start your consideration of the evidence with the facts that have been admitted because they are conclusively established as being true.

Fed R. Civ. P. 36


Feasibility of Warning
       In this case you heard Officer Breen testify that he waved his arms and yelled "Stop police" three times prior to firing his weapon.  It is the law that a warning should be given before deadly force is deployed whenever possible. If you find that either no warning or an inadequate warning was given was given, you should then determine

whether under the circumstances a warning was feasible. If you find that it was feasible for Officer Breen to have given a warning but he failed to do so, then you should find that his use of force was unlawful.

*Tennessee v. Garner*, 471 U.S. 1 (1985)

### *Effect of Violation of Regulation or General Order*

In the course of this trial, there has been evidence of various Town of North Branford Police Department rules and procedures. While a violation of these rules or procedures does not by itself establish a violation of the reasonableness standard of the law, it is evidence that you should consider, since it is relevant to what a competent police officer would have known and done.

Likewise, you have heard testimony regarding generally accepted police practices and procedures, that is to say, national standards of conduct. If you find that the defendant violated generally accepted standards of conduct at the time deadly force was used, then you should consider such violation when you decide whether the defendant acted reasonably under the Fourth Amendment. Such standards provide a relevant benchmark for evaluating the reasonableness of the Officer's conduct.

*Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1076 (N.D. Ill. 1999) (objective reasonableness, standard for excessive force claims, requires analysis of what hypothetical reasonable officer would have known and done in light of circumstances confronting actual officer in case; police regulations, general orders and officer training provide relevant (although not conclusive) benchmark for making such comparison);

## POLICE OFFICER TESTIMONY

There was testimony in this case by law enforcement officers. The fact that a witness is a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of another witness. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness. You should recall the officer's demeanor on the stand, his or her manner of testifying, and the substance of the testimony. You must weigh and balance that testimony just as carefully as you would the testimony of any other witness.

## WITNESS-INTEREST IN OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may derive benefit or loss in some way from the outcome of this case. Mr. Breen and the North Branford Officers are all such witnesses. Therefore, if you find that any witness whose testimony you are considering may have an

interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony.

## **PUNITIVE DAMAGES**

If you find any of the individual defendants liable in this case, then you may also make a separate and additional award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct or to deter a defendant and others like him from committing such conduct in the future.

You may also decide whether the plaintiff is entitled to the award of any punitive damages against any of the individual defendants. In a case like this one, you may consider whether acts or omissions of any individual defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:
1. Willful or malicious violation of the constitutional rights of the plaintiff;
2. Any intentional act by the defendant in gross disregard of the rights of the plaintiff;
3. Reckless disregard by a defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.

[Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F. 2d 1194, 1204 (3d Cir. 1989); Wright v. Sheppard, 919 F. 2d 665. 670-73 (11th Cir. 1990.)]

The purpose of punitive damages awards in both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F. 2d 920 (1st Cir. 1987); Rowell v. Anheuser-Busch Inc., 832 F. 2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F. 2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F. 2d 52 (2d Cir. 1978).