UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.    :    CIVIL NO.: 3:00CV00052(RNC)
        ALL CASES

MICHAEL BREEN,  :
      Defendant.


MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.    :    CIVIL NO.: 301CV00229(RNC)

TOWN OF NORTH BRANFORD  :    JUNE 1, 2005
      Defendant.

## **MOTION IN LIMINE**

Plaintiff moves in limine to exclude the following evidence. The bases for exclusion are explained in separate memoranda of law addressing each of the items of evidence:

1. Any evidence relating to the use or presence of cocaine, either at the scene of the shooting or earlier. This proposed evidence is irrelevant and prejudicial and should be excluded pursuant to Fed. R. Evid. 402 and 403. *See* Memorandum of Law in Support of Motion in Limine Re: Evidence Concerning Illegal Drugs.

2. Report of State's Attorney Michael Dearington, as well as Mr. Dearington's testimony concerning this incident. The report is inadmissible under Fed. R. Evid. 803(8)(C)

1

because it is untrustworthy; it is cumulative and its admission will waste time and serve only to give defendants an unfair benefit from their association with the State's Attorney; it is unhelpful, particularly since it was prepared before the parties developed any of the evidence that emerged in pretrial discovery; and it states expert conclusions. Testimony from Mr. Dearington is additionally improper because his expertise is limited to legal issues, which are the province of the Court, and because he is unwilling to testify about the bases of his conclusions because of the "deliberative process" privilege. *See* Memorandum in Support of Motion in Limine: Report and Testimony of Michael Dearington.

3. Certain potential opinions of Dr. Henry Lee.

   A   Based solely on the shape of the mark made by the defendant's first bullet in the hood of the Camaro, Dr. Lee opined that the first bullet was probably fired at a certain vertical angle. Experts for both the plaintiff and the defendants have done testing that demonstrates that the shape of the mark is not a reliable indicator of the vertical angle of the bullet (though they agree that it is a reliable indicator of the *horizontal* angle), and it is not clear that Dr. Lee even disagrees with this conclusion. This opinion should be therefore excluded under Fed. R. Evid. 702.

   B.   Dr. Lee opined concerning what he called the "most likely" location of the officer at the time he fired his shots, but with regard to the first shot he agreed that his opinion depended on assumptions about not only the vertical angle but also about what happened to the bullet casings from the officer's shots. Because he cannot say whether or not these assumptions were correct. This opinion should also be

excluded.

C. Dr. Lee opined concerning what could and could not be determined from the evidence, but he did not have the benefit of the defendants' admissions or the results of the parties' additional testing at the time he rendered his opinions. His opinion is therefore not based on an evaluation of all the available evidence and should therefore be excluded.

*See,* Memorandum Re: Opinions of Henry Lee.

4. Evidence of Ms. Cooper's tattoos and personal body markings. This evidence is irrelevant and potentially prejudicial. *See* Memorandum in Support of Motion in Limine Re: Previous Incidents Involving Stephen Guerette; Guerette's Criminal Record; Vicki Cooper's Personal Body Markings; Other Irrelevant Conduct of Ms. Cooper; and Late Disclosed Exhibit.

5. Evidence of prior incidents involving the driver of the Camaro, Mr. Guerette. These incidents of prior misconduct are irrelevant and prejudicial and should be excluded pursuant to Fed. R. Evid. 402 and 403. *See* Memorandum in Support of Motion in Limine Re: Previous Incidents Involving Stephen Guerette; Guerette's Criminal Record; Vicki Cooper's Personal Body Markings; Other Irrelevant Conduct of Ms. Cooper; and Late Disclosed Exhibit.

6. Evidence of prior incidents involving Ms. Cooper that tend to put her in a bad light. These incidents are irrelevant and prejudicial and should be excluded pursuant to Fed. R. Evid. 402 and 403. They are also speculative and based on inadmissible hearsay. *See Id.*

7. Evidence of a late disclosed defense exhibit (an audio dispatch tape) that up until last

night defendants denied any knowledge of and objected to verifying. *See Id.*

8. Evidence from defense experts, particularly Drs. Manning and Eberhardt, that was not previously or properly disclosed. Counsel for the parties have conferred concerning whether this issue will present itself. If it does, plaintiff will follow up with a memorandum.

Plaintiff requests an evidentiary hearing on this motion.

THE PLAINTIFF

By /s/
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum was sent first class mail, postage prepaid on June 1, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114

/s/
David N. Rosen