UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.                     :       CIVIL NO.: 3:00CV00052(RNC)
                                ALL CASES

MICHAEL BREEN,       :
      Defendant.

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.                     :       CIVIL NO.: 301CV00229(RNC)

TOWN OF NORTH BRANFORD   :       JUNE 1, 2005
      Defendant.

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
RE: PREVIOUS INCIDENTS INVOLVING STEPHEN GUERETTE; GUERETTE'S
CRIMINAL RECORD; VICKI COOPER'S PERSONAL BODY MARKINGS; OTHER
IRRELEVANT CONDUCT OF MS. COOPER; AND LATE DISCLOSED EXHIBIT**

This memorandum identifies various items of irrelevant or prejudicial evidence that

defendants apparently will seek to introduce and explains why they should be excluded.

**1.**     **Evidence concerning prior conduct and the criminal record of Mr. Guerette is irrelevant and prejudicial.**

There is evidence that Mr. Guerette had a history of running from the police and of

encouraging his girlfriends to do the same. Thus, the State Police collected evidence of prior

incidents where Mr. Guerette fled from the police, including a high speed flight with Vicki

1

Cooper in the car with him that took place a week before the shooting. This evidence is irrelevant, cumulative and prejudicial and should be excluded under Rules 401-403.

The evidence is irrelevant because it does not tend to prove any element of the defendants' case. Evidence of Guerette's pattern of running away from the police (in order to avoid being caught with illegal drugs) and encouraging others, including girlfriends, to do the same, may have some tendency to show that Ms. Cooper was following that plan and driving away from the scene to avoid being detected in possession of drugs.[1] But the evidence of prior incidents of running away has no tendency to prove Breen's claim that Ms. Cooper was trying to run him over. It only reinforces plaintiff's claim that Ms. Cooper was just trying to drive away. It therefore does defendants no good – except to the extent that it prejudices the jury against plaintiff.

And there is no doubt that the evidence would indeed be prejudicial, feeding into the tendency of some to feel that if Ms. Cooper had done this before, or it was part of a plan, then she deserved what she got. Inviting such prejudice would serve no useful purpose and should be prohibited.

**2.    Evidence concerning Mr. Guerette's criminal history is irrelevant and prejudicial.**

Mr. Guerette has a substantial criminal history. That history is irrelevant and certainly prejudicial. It is irrelevant because defendant Breen was not aware of it and it did not affect his conduct or duties in the slightest. It is prejudicial because it is likely to spill over onto his

---

[1] *But see* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show action in conformity therewith.") Assuming for purposes of discussion that the previous incidents do tend to show motive or something similar does not help defendants because the assumption would not advance defendants' position on the relevant issue: whether Ms. Cooper was trying to run over defendant Breen.

companion, Ms. Cooper.

Mr. Guerette was convicted of possession of cocaine and other charges in connection with this incident. That conviction is prejudicial because it would bring before the jury information that is irrelevant – the presence of cocaine on the night of the shooting.

3. **Evidence concerning Ms. Cooper's personal body markings is irrelevant and prejudicial.**

Ms. Cooper had some tattoos on her body, as well as a shaved pubic area. From the point of view of evidentiary relevancy, the only appropriate reaction to this information is, "so what?" But the potential for prejudice is real. For example, others may share the reaction of defendants' expert Dr. Selig, who referred in his report to Ms. Cooper's tattoos as evidence of her propensity to use illegal drugs. *See* Report of Kenneth M. Selig, M.D., at 3 (attached as Tab 1 to Memorandum re Illegal Drug Use). Such propensity evidence is excluded by Rule 404, and the leap from body markings to character is unjustified in any case. *See, United States v. Thomas,* 321 F.3d 627 (7th Cir., 2003) (claim of specific relevance of tattoo rejected; only relevance was to make a prohibited showing of propensity). Whatever one or more jurors might infer about Ms. Cooper's character from her tattoos would be improper, and the tattoos and pubic shaving should be excluded from evidence.

4. **Evidence concerning certain other alleged conduct of Ms. Cooper is irrelevant and prejudicial.**

A variety of other fundamentally irrelevant but potentially prejudicial information about Ms. Cooper may be offered into evidence. This evidence includes such things as Ms. Cooper's marijuana use as a teenager; her alleged plan to file for bankruptcy; and her brief association with a disreputable boyfriend before Mr. Guerette. Each of these three items is either completely

irrelevant or subject to exclusion under Rule 403. The Second Circuit has announced the operative principle: "That some aspects of a decedent's character may properly be shown in determining the damages to be awarded in a wrongful death action does not mean, however, that all his habits and qualities are relevant ... The defendant should not be permitted to put in evidence anything he may unearth which reflects unfavorably upon the decedent." *St. Clair v. Eastern Airlines, Inc*., 279 F.2d 119, 121 (2d Cir. 1960). Plaintiff requests that the Court direct defendants to alert both plaintiff and the Court before offering this or similar potentially prejudicial or inflammatory evidence.

**5. Defense Exhibit 6 Should Be Excluded**

Defense exhibit 6 is described as "Recording of police communications by Officer Breen before stop and after shooting." It was first identified as a potential exhibit late last night after defendants had denied knowledge of the contents of the recording for three years and had refused to authenticate it. It should not be permitted to be used at this point.

In May 2002, plaintiff requested defendants to admit the following under Rule 36 and received the following responses:

16. The Connecticut State Police have a tape of the radio dispatch calls for the Town of North Branford beginning shortly before the shooting and continuing until after the shooting.

**RESPONSE**:     Objection. The defendants have not listened to the tape referred to in this request for admission and can neither admit nor deny.

17.     The Connecticut State Police tape is a continuous recording of the radio dispatch calls, including the time between the calls.

**RESPONSE**:     Objection. The defendants have not listened to the tape referred to in this request for admission and can neither admit nor deny.

18.     The time interval between calls on the Connecticut State Police tape is the same

as the time interval that actually elapsed between the calls.

**RESPONSE**:     Objection.  The defendants have not listened to the tape referred to in this request for admission and can neither admit nor deny.

That apparently was the end of the matter.  Defendants never supplemented their response, and plaintiff made her trial preparations without consideration of the tape.  Now, at one minute to midnight, defendants propose to use the tape, when plaintiff has not had the benefit of a timely response to her request for admission in order to prepare this case for trial.  This late disclosure after three years of objection is unfair, and defendants should not be permitted to use the exhibit.

## **CONCLUSION**

Exclusion of the evidence discussed above will prevent prejudice and promote a fair trial.  The evidence should be excluded under Fed. R. Evid. 401- 403.

                              THE PLAINTIFF


                              By    /s/
                                 David N. Rosen
                                 400 Orange Street
                                 New Haven, Connecticut 06511
                                 (203) 787-3513
                                 CT00196
                                 E-mail: drosen@davidrosenlaw.com

CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum was sent first class mail, postage prepaid on June 1, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114


      /s/
David N. Rosen