**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:00 CV 0052 (RNC) |
| v. | : : | |
| MICHAEL BREEN | : | |
| | | |
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:01 CV 0229 (RNC) |
| v. | : : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE: LIVE OR DEPOSITION TESTIMONY OF DR.**
**MANNING AND DR. EBERHARDT**

**I.    BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette.  Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired two shots from his service weapon at the vehicle. The first shot deflected off of the hood

of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper. The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff intends to introduce the deposition testimony of Charles Manning an/or Alan Eberhardt. More specifically, plaintiff intends to introduce testimony either live or by deposition that:

1. The distance of the Camaro from Officer Breen at the time of the first shot (43 feet at the time the first bullet was discharged);

2. the calculability of the horizontal angle made by the bullet strike mark;

3. the measurement of that mark as 13 degrees (the same measurement Mr. Schwendy made);

4. the unreliability of the vertical angle in the hood as a way to calculate the actual vertical angle of entry; and

5. most likely time to squeeze the trigger on a Glock 22 (one-quarter second).

The defendants now move to preclude the plaintiff from offering this testimony by deposition because it is not allowed by the Federal Rules of Civil Procedure. The defendants also object to plaintiff's exhibit #82, Report from Charles Manning, Ph.D., P.E., plaintiff's exhibit #96, 97, 98, 99, 100, 101, 102 and 103 photographs taken during Dr. Manning's tests.

II.  **LAW AND ARGUMENT.**
    A.  **STANDARD OF REVIEW.**

"In considering the use of depositions at a trial . . . the problem has two aspects. First, the conditions set forth in Rule 32(a) *must* exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence."  Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y.1985) (internal citations and quotations omitted); see Frechette v. Welch, 621 F.2d 11, 14 (1st Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were met).

Federal Rules of Civil Procedure 32 provides for the limited use of depositions at trial as follows:

> **(a) Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

> **(1)** Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
>
> **(2)** The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.
>
> **(3)** The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> **(A)** that the witness is dead; or
>
> **(B)** that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>
> **(C)** that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or
>
> **(D)** that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> **(E)** upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

The Plaintiff may cite to Federal Rules of Evidence 804 (b) (1) *Former Testimony*.  However, former testimony, pursuant to Federal Rules of Evidence 804, is only admissible if the declarant is unavailable.  "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."  Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939). As such, no hearsay exception applies.

      **B.    THE DEPOSITON OF DOCTORS MANNING OR EBERHARDT CANNOT BE USED AT TRIAL BECAUSE THEY ARE NOT UNAVAILBLE.**

The Plaintiff cannot demonstrate that any of the provisions of Rule 32 that would allow the use of nonparty deposition transcripts exist.  Defendants do not intend to call Manning or Eberhardt at trial because the tests they conducted regarding firing angle do not meet the necessary degree of scientific reliability to accurately conclude the angles.  As Dr. Henry Lee pointed out in his deposition, since the incident involved a dynamic situation, particularly because the officer and the vehicle were moving, it is nearly impossible to recreate the conditions of the incident.  (Lee deposition at p. 33-34) As he stated, he could not find anyone to drive a car while he shot at it. (Lee deposition at p. 48).  However, if the court allows the testimony, defendants agree to make Dr. Manning and Dr. Eberhardt available for testimony upon reasonable notice.

In this case, the Plaintiff seeks to introduce the deposition transcripts of nonparty witnesses to prove the truth of the matters contained therein.  The standard of the

former testimony exception is not met because there is no showing that the witnesses are unavailable. As such, the depositions are inadmissible hearsay.

### C. THE TESTIMONY OR DEPOSITION OF DR. MANNING SHOULD BE EXCLUDED AS CUMULATIVE

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Plaintiff states that her expert witness, Kent Schwendy, will testify that "[t]he findings of Dr. Manning, defendants' expert engineer, closely agree with the witness's findings and provide additional basis for believing that the opinions are accurate." Therefore, Dr. Manning's testimony is duplicative of the testimony of Kent Schwendy.

In Rubel v. Eli Lilly and Co., 160 F.R.D. 458 (S.D.N.Y. 1995), the plaintiff sought to introduce testimony from an expert previously retained by the defendant. The court, after noting the potentially "explosive" prejudice that may result from revealing that the expert had been previously retained by the defendant, held that since the expert's testimony was duplicative of other expert testimony that the plaintiff would introduce, the "evidence in question appear[ed] to be cumulative save, of course, for the fact that [the expert] was retained in the first instance by [defendant]." Id. at 460-61. In addition, the court found that since the plaintiff was already introducing similar testimony, the jury might conclude that the expert was previously retained by the opposing party, even if

that fact were not mentioned. Id. at 461.  "'It may be possible to keep this explosive fact from the jury at trial, but there seems little reason to require that effort if other expert witnesses are available.'" Rubel v. Eli Lilly and Co., 160 F.R.D. at 461 (quoting Wright, A. Miller & R. Marcus, *Federal Practice and Procedure: Civil* § 2032, at 447 (1994)).

In this case, Dr. Manning's testimony has little probative value, given that plaintiff will already introduce his own expert to testify to the same information.  As such, given the potential explosive prejudice and duplicative nature of the testimony, requires its exclusion.  In fact, it is apparent that the only reason the plaintiff seeks to introduce the testimony from Dr. Manning is because the defendants previously retained him.

### D. IF PLAINTIFF IS ALLOWED TO CALL DR. MANNING OR EBERHARDT THE JURY CANNOT BE INSTRUCTED THAT THESE ARE DEFENDANT'S WITNESSES.

If the plaintiff is allowed to examine Dr. Manning or Dr. Eberhardt, defendant moves that the Court issue a limiting instruction that precludes either party from mentioning the fact that the defendant retained Dr. Manning and Dr. Eberhardt to conduct testing.  "Numerous courts have acknowledged the potentially substantial prejudice stemming from testimony that reveals an expert's prior consultation with the opposing party." Agron v. Trustees of Columbia University in City of New York, 176 F.R.D. 445, 450 -451 (S.D.N.Y. 1997) (citing Peterson v. Willie, 81 F.3d 1033, 1037-38 (11th Cir.1996); House v. Comnbined Ins. Co. of America, 168 F.R.D. 236, 248; Rubel v. Eli Lilly and Co., 160 F.R.D. 458, 460 (characterizing prejudice from disclosure of

prior retention to jury as "explosive") (citing 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure: Civil* § 2032, at 447 (1994)); Healy v. Counts, 100 F.R.D. 493, 496 (D.Colo.1984).  "Permitting one party to call an expert previously retained or consulted by the other side entails a risk of very substantial prejudice stemming from the fact of the prior retention, quite apart from the substance of the testimony."  Rubel v. Eli Lilly and Co., 160 F.R.D. 458, 460 (S.D.N.Y. 1995).  "If the fact of the prior retention is revealed, jurors may assume that Plaintiff's counsel tried to suppress or hide evidence which it considered unfavorable."  Agron v. Trustees of Columbia University in City of New York, 476 F.R.D. at 451.

     For these reasons, the report of Dr. Manning and the photographs taken during his testing should not be admitted into evidence. With respect to the photographs, the jury would speculate as to who took them.  The report is inadmissible hearsay, and if admissible, the jury would speculate as to why Mr. Schwendy conducted the identical tests.  As such, these exhibits must be excluded.

     The court in Agron v. Trustees of Columbia University in City of New York, 476 F.R.D. 445 was confronted with a similar situation.  Defendant sought to introduce the testimony from an expert previously retained and disclosed by the plaintiff.  Id. at 448. The Court found that the testimony was relevant and applied the Federal Rules of Evidence probative versus prejudice balancing test. Id. at 450 n.4.  The Court held that the defendant could introduce testimony from the previously retained expert, but issued

a limiting instruction prohibiting either party from introducing evidence that he expert had been previously retained by the plaintiff. Id. at 451.

The court stated, "[i]f as Defendant argues, it is the substance of [the expert's] opinion which is important and not the fact of his prior retention, then Defendant should have no problem adhering to this restriction. . . If, on the other hand, Defendant finds that restriction to be an overwhelming burden, then Defendant can choose not to call [the expert] to the stand." Id. at 451-52.

Based on the foregoing, if the plaintiff is allowed to call Dr. Manning or Eberhardt, the Court should issue an appropriate limiting instruction.

### E.    DR. MANNING'S REPORT IS INADMISSIBLE HEARSAY.

The plaintiff seeks to introduce Dr. Manning's report. This report is inadmissible hearsay and must be precluded.

### III.  CONCLUSION.

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

> THE DEFENDANTS,
> MICHAEL BREEN and TOWN OF
> NORTH BRANFORD
>
> /s/John J. Radshaw, III
> Thomas R. Gerarde, ct5640
> John J. Radshaw, III, ct19882
> Jeffery E. Potter, ct26356
> HOWD & LUDORF, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (fax)

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 1st day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

> /s/John J. Radshaw, III
> Thomas R. Gerarde
> John J. Radshaw, III
> Jeffery E. Potter