**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:00 CV 0052 (RNC) |
| v. | : : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:01 CV 0229 (RNC) |
| v. | : : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE: BLOODY CLOTHING**

**I.   BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette. Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired two shots from his service weapon at the vehicle. The first shot deflected off of the hood of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper. The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff intends to introduce into evidence the clothes worn by the decedent at the time she died (referenced as plaintiff's exhibit # 75). The defendants move to exclude this evidence because it is irrelevant and further move to exclude it because, even if it is irrelevant, it is cumulative and its probative value is substantially outweighed by the danger of unfair prejudice.

## II.    LAW AND ARGUMENT.
### A.    STANDARD OF REVIEW.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." Fed. R. Evid. 401.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

      B.      **THE CLOTHING WORN BY THE DECEDENT AT THE TIME OF HER DEATH MUST BE EXCLUDED AS IRRELEVANT.**

The clothing worn by the decedent at the time of her death is irrelevant because is does not relate to any issue the jury must determine.  The clothing is not related to any fact that is of consequence to the determination of the action.  No party has claimed that the clothing is relevant to any fact in this case at any time.   No party has ever claimed that the clothing has any relevance to any of the scientific evidence.  The only purpose of introducing the blood stained clothing is to shock the jury and invoke an emotional response.  As such, it must be excluded.

      C.      **EVEN IF RELEVANT, THE BLOODY CLOTHING MUST EXCLUDED BECAUSE ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE**

"The Advisory Committee Notes to Rule 403 define "undue prejudice" as an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  U.S. v. Salim, 189 F.Supp.2d at 98 (citing Federal Rules of Evidence 403 advisory committee's note).  In conducting the probative versus prejudice balancing test, "[t]he availability of other means of proof may also be an appropriate factor."  Federal Rules of Evidence Rule 403 (Advisory Committee Notes).

"'The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact by other, non-prejudicial evidence.'" U.S. v. Salim, 189 F.Supp.2d at 98 (quoting 22 Charles A. Wright & Kenneth Graham, Jr., *Federal Practice and Procedure,* § 5214 (1978 ed.)).

The only fact that the clothing may tend to support is that the decedent was shot and suffered an injury. These facts are not in dispute. Therefore, these facts are not of any consequence to the determination of this action. Furthermore, these facts, if relevant, are most accurately demonstrated by several of the autopsy photographs that clearly depict the actual injury. As such, the clothing is cumulative evidence.

Since the fact that the decedent was shot and suffered injury is more accurately demonstrated by other evidence, the probative value of the clothing in demonstrating that the decedent was shot and injured is low. The introduction of the bloody clothing will only serve the purpose of shocking the jury. The plaintiff intends to evoke an emotional response and have the jury make decisions based upon the amount of blood it sees, rather than the facts of the case. The amount of blood on the clothes is simply irrelevant to any question of liability or damages. Therefore, the low probative value of the clothing is substantially outweighed by the danger of unfair prejudice to defendants.

### III.   **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

>THE DEFENDANTS,
>MICHAEL BREEN and TOWN OF
>NORTH BRANFORD
>
>/s/John J. Radshaw, III
>Thomas R. Gerarde, ct5640
>John J. Radshaw, III, ct19882
>Jeffery E. Potter, ct26356
>HOWD & LUDORF
>65 Wethersfield Avenue
>Hartford, CT  06114
>(860) 249-1361
>(860) 249-7665 (fax)

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 1st day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

>/s/John J. Radshaw, III
>Thomas R. Gerarde
>John J. Radshaw, III
>Jeffery E. Potter