**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:00 CV 0052 (RNC) |
| v. | : : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:01 CV 0229 (RNC) |
| v. | : : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE: TESTIMONY OF CHRISTOPHER MANNER, LEONARD POPOLIZIO AND MATHHEW CANELLI AND DEPARTMENT POLICIES REGARDING USE OF FORCE AND FIREARMS TRAINING AND SCORES AND VARIOUS EXHIBITS**

I.   **BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette. Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired

two shots from his service weapon at the vehicle. The first shot deflected off of the hood of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper. The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff is expected to call Christopher Manner and Leonard Popolizio, training officers for the North Branford Police Department, to testify to the training given to the defendant and the department's standards, practices and procedures concerning the use of deadly force, and Mathew Canelli, Chief of the North Branford Police Department, to testify concerning the department's shooting policy and experience with shooting at motor vehicles, including and incident shortly before this incident. In addition, the plaintiff seeks to introduce North Branford's policies on use of force, firearms training and related firearms scores and various employment, training and discipline records including the following: referenced plaintiff's Exhibits # 104, N. Branford policy re use of force as of 7/13/99; #105, N. Branford policy re use of force, as changed after shooting; #132, North Branford Police Department-Firearms Training;

#133, Firearms Training-Qualifying Scores; #134, North Branford Police Department Firearms Training-Night Shoot; #135, Objection to Disclosure of Records; #124 Connecticut State Police Training Academy-Physical Fitness Assessment; #125, Connecticut State Police-Exit Interview; #126, To Officer Breen from Sgt. Delfino re: Written Warning re: forgetfulness of filling out paperwork; #127, To Officer Breen from Sgt Delfino re: pay vouchers, #128, State of Connecticut-Municipal Police Training Council-Review Training Report; # 129, To Officer Breen from Chief Canelli re: Motor Vehicle Accident; #130, Supplementary Report-Accident; and, #131, To Officer Breen from Chief Matthew Canelli re: Motion (*sic*) Vehicle Accident (second at fault accident). The defendant moves to exclude this evidence because it is irrelevant to the unreasonable force claim against Officer Breen and only possibly relevant to the Monell claim, and even if relevant, the probative value is clearly outweighed by the danger of unfair prejudice.

In addition, defendants move to exclude plaintiff's exhibit #120, Divorce Complaint, Breen v. Breen, April 1999; #121 Financial Affidavit-Michael Breen, 6/7/99; and, #123, Agreement 6/7/99 as these exhibits are irrelevant.

II. **LAW AND ARGUMENT.**
    A. **STANDARD OF REVIEW.**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules

prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

> **B.     The Testimony of these North Branford Officers and exhibits referencing training, discipline, prior incidents and employment records are irrelevant, and, even if relevant, the probative value is substantially outweighed by then danger of unfair prejudice and confusion of the issues.**

Evidence of other conduct on the part of the other officers within the department is not admissible in the case against the individual officer. See Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 320 (2nd Cir. 1999) (bifurcating trial because evidence offered against the city regarding other offer's misconduct would be prejudicial against the individual officers).

The policies, procedures and training have nothing to do with the reasonableness of Officer Breen's belief that he was in danger on the night in question.  However, the jury may be tempted to hold the Town's policies and training against Officer Breen.  In Ismail v. Cohen, 756 F.Supp. 243 (S.D.N.Y.1898), for example, the court found that:

4

> There is a danger that evidence admissible on the issues relating to the conduct by the City or [the officer] will "contaminate" the mind of the finder of fact in its consideration of the liability of the other defendants. . . . if the jury determines that [one defendant] is culpable this might unfairly influence it determination whether the City had a *de facto* policy leading to discriminatory treatment.

706 F.Supp at 251.

There is a very real danger that if the jury believes that Office Breen did not act consistent with his training, the jury may confuse conduct inconsistent with his training with whether his actions were objectively reasonable under the circumstances. The failure to follow department procedure or training does not establish a constitutional violation. See Davis v. Scherer, 468 U.S. 183, 194 (1984).

"Thus, under *Graham,* we must avoid substituting our personal notions of proper police procedure for the instantaneous decision of the officer at the scene. We must never allow the theoretical, sanitized world of our imagination to replace the dangerous and complex world that policemen face every day. What constitutes "reasonable" action may seem quite different to someone facing a possible assailant than to someone analyzing the question at leisure." Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992). "Under § 1983, the issue is whether [an officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983." Id.

As such, Officer Breen's training is irrelevant, and even if relevant, the training he

5

received and the department policy regarding shooting at vehicles, and particularly the prior incident, are highly prejudicial with little or no probative value in this case. Furthermore, since a violation of department policy does not equal a constitutional violation, this information is irrelevant, and if offered, it would tend to only mislead the jury as to the appropriate standard to be applied in this case. As such, it must be excluded.

The exhibits referencing disciplinary action are clearly prejudicial and inadmissible. Federal Rules of Evidence Rule 404 states, in relevant part,

> **b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The plaintiff clearly intends to introduce evidence that Officer Breen was involved in at fault car accidents to have the jury draw the inference that he is not qualified to be a police officer. The obvious purpose or intent is for the jury to draw the inference that since Office Breen has a propensity to have poor judgment. Even if this evidence is somehow relevant, its probative value is substantially outweighed by the danger of unfair prejudice. As such it must be excluded.

The exhibits relating to Officer Breen's divorce are irrelevant. One can only

6

speculate as to its relevance. Even if relevant it is unfairly prejudicial because the plaintiff could only be seeking to introduce this evidence to have the jury draw an inference that Officer Breen is a bad person.

### III.    CONCLUSION.

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

THE DEFENDANTS,
MICHAEL BREEN and TOWN OF
NORTH BRANFORD

/s/John J. Radshaw, III
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
Jeffery E. Potter, ct26356
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

7

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 1st day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

                                              /s/John J. Radshaw, III
                                              Thomas R. Gerarde
                                              John J. Radshaw, III
                                              Jeffery E. Potter