**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARGARET COWAN, | : | |
| ADMINISTRATRIX OF THE ESTATE | : | |
| OF VICTORIA COOPER | : | NO.:  3:00 CV 0052 (RNC) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN, | : | |
| ADMINISTRATRIX OF THE ESTATE | : | |
| OF VICTORIA COOPER | : | NO.:  3:01 CV 0229 (RNC) |
| | : | |
| v. | : | |
| | : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**DEFENDANTS' MOTION IN LIMINE RE: PLAINTIFF'S EXHIBITS NUMBER 49, 50, 51**</u>
<u>**AND 52 (DEPICTING INACCURATE PLACEMENT OF PROTRACTOR)**</u>

**I.     <u>BACKGROUND.</u>**

This case involves the death of a citizen, Victoria Cooper, who was shot by

Officer Michael Breen as she drove a motor vehicle towards him on a darkened

roadway in North Branford, Connecticut following a stop of that vehicle and escape of

the driver, Steven Guerrette.  Despite having ample opportunity to change direction and

avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly

force embodied in a moving motor vehicle would be used against him imminently, fired

two shots from his service weapon at the vehicle. The first shot deflected off of the hood

of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper.  The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff intends to introduce into evidence photographs taken by the state police that depict an inaccurate measurement of the bullet angle.  These photographs must be excluded because they are irrelevant and, even if they are relevant, their probative value is clearly outweighed by the danger of unfair prejudice.

II.  **LAW AND ARGUMENT.**
   A.  **STANDARD OF REVIEW.**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Federal Rules of Evidence Rule 402.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence."  Fed. R. Evid. 401.  "Although relevant, evidence may

be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid.

403.

**B.    THE INACCURATE PHOTOGRPAHS MUST BE EXCLUDED BECUASE THEY ARE IRRELEVANT AND/OR UNFAIRLY PREJUDICIAL**

On July 22, 1999, the State Police took measurements of the angle of the bullet

penetration mark.  The protractor was not properly aligned, which produced at least a

10 degree error.  Plaintiff's expert, Michael Miller, as well as defendant's expert, Charles

Manning, notice this error.  (See deposition transcripts of Michael Miller at p. 41-43

(2004 deposition)).  As such, this photographs are irrelevant and must be excluded.

And, even if these photographs have some relevance, they are highly prejudicial

because, as both parties agree, they inaccurately depict the measurement and

exaggerate the angle.  As such, they must be excluded.

## III.    **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN

OF NORTH BRANFORD, pray that their motion in limine is granted.


THE DEFENDANTS,
MICHAEL BREEN and TOWN OF
NORTH BRANFORD

/s/John J. Radshaw, III
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
Jeffery E. Potter, ct26356
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511


/s/John J. Radshaw, III
Thomas R. Gerarde
John J. Radshaw, III
Jeffery E. Potter