**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARGARET COWAN, | : | |
| ADMINISTRATRIX OF THE ESTATE | : | |
| OF VICTORIA COOPER | : | NO.:  3:00 CV 0052 (RNC) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN, | : | |
| ADMINISTRATRIX OF THE ESTATE | : | |
| OF VICTORIA COOPER | : | NO.:  3:01 CV 0229 (RNC) |
| | : | |
| v. | : | |
| | : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**DEFENDANTS' MOTION IN LIMINE RE: WRITTEN STATEMENT OF STEVEN**</u>
<u>**SMALLS**</u>

**I.    <u>BACKGROUND.</u>**

This case involves the death of a citizen, Victoria Cooper, who was shot by

Officer Michael Breen as she drove a motor vehicle towards him on a darkened

roadway in North Branford, Connecticut following a stop of that vehicle and escape of

the driver, Steven Guerrette.  Despite having ample opportunity to change direction and

avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly

force embodied in a moving motor vehicle would be used against him imminently, fired

two shots from his service weapon at the vehicle. The first shot deflected off of the hood

of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper.  The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff intends to introduce the statement of Steven Small (Plaintiff's Exhibit # 113, attached hereto as **Exhibit A**) as an exhibit.  The defendant moves to preclude this evidence because it is inadmissible hearsay not subject to an exception.

## II.    LAW AND ARGUMENT.
### A.    STANDARD OF REVIEW.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

"Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."  Fed. R. Evid. 805.

**B.     THE STATEMENT OF STEVEN SMALLS IS INADMISSIBLE HEARSAY NOT SUBJECT TO ANY EXCEPTION.**

The Defendants do not dispute that various exceptions to the hearsay rule apply to admit the state police report itself.  However, the police report contains the various statements of witnesses within it.  "[W]hen police reports contain witness statements, and the witness statements are offered to prove their truth, the statements themselves generally are inadmissible."  Jacobs v. City of Port Neches, 7 F.Supp.2d 829, 835 (E.D.Tex. 1998).  See also, United States v. Dotson, 821 F.2d 1034, 1035-36 (5th Cir.1987) (holding that witness statements in police reports are inadmissible).

As stated in Rule 805 of the Federal Rules of Evidence, these statements are admissible if another hearsay exception exists for them.  No such exception exists. Therefore, the witness statement of Steven Smalls contained within the state police report is inadmissible hearsay.

III.     **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN

OF NORTH BRANFORD, pray that their motion in limine is granted.

THE DEFENDANTS,
MICHAEL BREEN and TOWN OF
NORTH BRANFORD

/s/John J. Radshaw, III
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
Jeffery E. Potter, ct26356
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges
prepaid, via U.S. Mail to the following counsel of record this 1st day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

/s/John J. Radshaw, III
Thomas R. Gerarde
John J. Radshaw, III
Jeffery E. Potter

4