UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:00 CV 0052 (RNC) |
| v. | : : | |
| MICHAEL BREEN | : | |
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:01 CV 0229 (RNC) |
| v. | : : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE RE TESTIMONY BY OR RELATING TO
ATTORNEY JACK KELLY**

I.  **BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette. Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired two shots from his service weapon at the vehicle. The first shot deflected off of the hood of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven

toward him by Victoria Cooper. The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

Whenever a law enforcement officer uses deadly force, the State's Attorney for the Judicial District in which the shooting occurred is required to conduct an investigation and issue a report to ascertain whether the officer violated the law and whether the officer should be charged with a crime. See Conn. Gen. Stat. Now and at the time of the shooting, Attorney Michael Dearington is the State's Attorney for the Judicial District of New Haven.

The plaintiff is expected to introduce evidence concerning the fact that Attorney Jack Kelly is the personal attorney of Officer Michael Breen. Also, the plaintiff is expected to introduce evidence that Officer Breen met with Attorney Kelly on more than one occasion and that each of those meetings took place after the shooting that is the subject matter of this case and before Officer Breen filed his report concerning the same. The defendants suspect that the plaintiff may even attempt to elicit testimony about the conversations between Attorney Kelly and Officer Breen. At the time that Officer Breen consulted with Attorney Kelly, Officer Breen's conduct was the subject of Attorney Dearington's investigation.

In the Joint Trial Memorandum dated June 1, 2005, the plaintiff disclosed that she intends Attorney Kelly will testify as follows: "This witness was Breen's attorney following the crash. He will testify to the number of times and length of time he met with

2

defendant Breen before Breen filed his report and communications between him and agencies and officials connected with the investigation." Plaintiff also seeks to introduce billing records for Michael Breen for the period July 13-27, 1999, listed as Plaintiff's Exhibit 114 in connection with her examination of Attorney

The defendants now move for an order in limine (1) precluding the plaintiff from presenting the testimony of Attorney Kelly in any respect, (2) prohibiting the plaintiff from asking Officer Breen any questions concerning any aspect of his conversations with Attorney Kelly, (3) preventing the plaintiff from offering any evidence that Officer Breen even met or consulted with Attorney Kelly, and (4) any billing records from Attorney Kelly to Officer Breen.  The defendants submit that such testimony would be irrelevant, would be more prejudicial than probative of any relevant fact and would violate of the attorney-client privilege, in direct contravention of the expressed public policy of the State of Connecticut.

## II.    LAW AND ARGUMENT.

### A.    STANDARD OF REVIEW.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.E. 401. All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible. Fed.R.E. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.E. 403.

Fed.R.E. provides "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

**B.    ANY TESTIMONY BY ATTORNEY KELLY AND WHETHER OFFICER BREEN MET WITH ATTORNEY KELLY BEFORE OR AFTER FILING HIS REPORT IS IRRELEVANT TO ANY ISSUE PRESENTED BY THE PLAINTIFF'S COMPLAINT; ACCORDINGLY, SUCH EVIDENCE MUST NOT BE ADMITTED.**

In the present case, the plaintiff claims that Officer Breen violated Victoria Cooper's Fourth Amendment right to be free from excessive force and committed the state law torts of assault and battery when he fired his service weapon and killed her. Officer Breen answers that his actions are protected by the doctrine of qualified immunity and that the use of force was justified. The only questions relevant to this inquiry is whether Officer Breen reasonably believed his life was in danger or subject to grievous bodily injury at the time before he made his decision to shoot. Because Victoria Cooper is not available to testify, the ultimate question is whether the jury will believe Officer Breen's version of the events to the plaintiff's counsel's arguments about the forensic evidence, aided by his experts.

By listing Attorney Jack Kelly as a witness and based on the questions asked of Officer Breen concerning his consultation with Attorney Kelly, the plaintiff will ask the jury draw the inference that because Officer Breen met with Kelly on more than one occasion after the shooting and before he submitted his report, Officer Breen must have modified, altered, or lied in his report and that his report does not reflect the actual

4

events that occurred on July 13, 1999.

It is clear the the parties contest the version of events that resulted in Cooper's death. The plaintiff alleges that Officer Breen shot at the motor vehicle while he was in a position of complete safety. The plaintiff, through counsel, implies that Officer Breen is lying about the events of the shooting. The plaintiff further implies that Attorney Kelly helped him come up with a story or that Officer Breen had some consciousness of guilt insofar as it pertained to the justification for the shooting and needed an attorney because he could be charged with a crime.

Any evidence concerning Officer Breen's meeting with Attorney Kelly is irrelevant. It is irrelevant that Attorney Kelly was present at the NBPD HQ at 4:00 am the next morning. It is irrelevant that Officer Breen met with Attorney Kelly more than one occasion between the time of the shooting and the time Officer Breen filed his report. Plaintiff knows that she cannot elicit from Attorney Kelly or Officer Breen the substance of the conversations they had as that is unambiguously protected by the attorney-client privilege. Plaintiff's interest, instead, is to ask the jury to draw an inference from the fact that Officer Breen met with Attorney Kelly means that Officer Breen has a guilty conscious about something, ostensibly the shooting. Plaintiff knows that any conversation would be privilege and, with this attempted negative inference, seeks Officer Breen to break his privilege to explain what he talked about with Attorney Kelly.

On numerous occasions, the Connecticut Supreme Court has reaffirmed the importance of the attorney-client privilege and has recognized the long-standing, strong public policy of protecting attorney-client communications. *Harp v. King*, 266 Conn. 747, *769, 835 A.2d 953, **967 (2003) "In Connecticut, the attorney-client privilege protects

both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." (Citations omitted; internal quotation marks omitted.) *Olson v. Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156-57, 757 A.2d 14 (2000). "The privilege fosters full and frank communications between attorneys and their clients and thereby promote[s] the broader public interests in the observation of law and [the] administration of justice." (Internal quotation marks omitted.) *Id.*, at 157, 757 A.2d 14.

If this was a criminal case, the court would absolutely prevent the plaintiff from inquiring in a defendants' prior counsel, the number of times they met or what they talked about.

### C. ANY TESTIMONY ELICITED FROM ATTORNEY KELLY OR OFFICER BREEN ABOUT THEIR MEETING OR THE VERY FACT THAT THEY HAD MEETINGS WOULD VIOLATE THE ATTORNEY-CLIENT PRIVILEGE AND WOULD CONFUSE THE ISSUES AND MISLEAD THE JURY.

On numerous occasions, the Connecticut Supreme Court has reaffirmed the importance of the attorney-client privilege and has recognized the long-standing, strong public policy of protecting attorney-client communications. *Harp v. King*, 266 Conn. 747, \*769, 835 A.2d 953, \*\*967 (2003) "In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." (Citations omitted; internal quotation marks omitted.) *Olson v. Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156-57, 757 A.2d 14 (2000). "The privilege fosters full and frank

6

communications between attorneys and their clients and thereby promote[s] the broader public interests in the observation of law and [the] administration of justice." (Internal quotation marks omitted.) *Id.*, at 157, 757 A.2d 14.

"The basic principles of the attorney-client privilege are undisputed. Communications between the client and attorney are privileged when made in confidence for the purpose of seeking legal advice." *State v. Burak*, 201 Conn. 517, 527, 518 A.2d 639 (1986), *citing Doyle v. Reeves*, 112 Conn. 521, 523, 152 A. 882 (1931); *Tait & LaPlante*, HANDBOOK OF CONNECTICUT EVIDENCE (1976) § 12.5. A widely-cited formulation of the privilege states that "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *Rienzo v. Santangelo*, 160 Conn. 391, 395, 279 A.2d 565 (1971); *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir.1964); *see also Wigmore*, WIGMORE ON EVIDENCE, § 292, p. 584 (McNaughton Rev.1961). The question of whether a communication is privileged is a question of law for the court to decide. *Miller v. Anderson*, 30 Conn.Sup. 501, 505, 294 A.2d 344 (App.Div.1972).

In *Metropolitan Life Ins. Co. v. Aetna Casualty & Surety Co.*, 249 Conn. 36, 52, 730 A.2d 51 (1999), the Connecticut Supreme Court recognized that the attorney-client privilege "was created to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observation of law and administration of justice.... Exceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential

7

communications. It is obvious that professional assistance would be of little or no avail to the client, unless his legal adviser were put in possession of all the facts relating to the subject matter of inquiry or litigation, which, in the indulgence of the fullest confidence, the client could communicate. And it is equally obvious that there would be an end to all confidence between the client and [the] attorney, if the latter was at liberty or compellable to disclose the facts of which he had thus obtained possession ...." (Citation omitted; internal quotation marks omitted.)

It is undisputed that Officer Breen consulted with Attorney Kelly to seek legal advice, that such conversations were related to that purpose, that such communications were made in confidence and are therefore permanently protected. To call attorney Kelly and merely have him testify about the fact that the meeting occurred is wrong and undercuts the protections of the privilege. To call Attorney Kelly or mention the consultation at all invites speculation about the discussion to which Officer Breen has no duty to reveal and invites the jury to draw prejudicial inference about the topics discussed. Allowing any testimony about the meetings, the discussions or the consultation itself would discourage citizens and officers from seeking counsel at all. Moreover, plenty of other evidence exists that the plaintiff can use to put on his theory of the case.

### III.   CONCLUSION.

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

>THE DEFENDANTS,
>MICHAEL BREEN and TOWN OF
>NORTH BRANFORD
>
>
>/s/John J. Radshaw, III
>Thomas R. Gerarde, ct5640
>John J. Radshaw, III, ct19882
>Jeffery E. Potter, ct26356
>HOWD & LUDORF, LLC
>65 Wethersfield Avenue
>Hartford, CT  06114
>(860) 249-1361
>(860) 249-7665 (fax)

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 1st day of June 2005.

David N. Rosen, Esquire
400 Orange Street
New Haven, CT  06511

>/s/John J. Radshaw, III
>Thomas R. Gerarde
>John J. Radshaw, III
>Jeffery E. Potter

9