**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARGARET COWAN, : | |
| ADMINISTRATRIX OF THE ESTATE : | |
| OF VICTORIA COOPER : | NO.: 3:00 CV 0052 (RNC) |
| : | |
| v. : | |
| : | |
| MICHAEL BREEN : | JUNE 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE CURRICULUM VITAE OF JAMES FYFE AND BRUCE ROUNSAVILLE**

**I.   BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette. Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired two shots from his service weapon at the vehicle. The first shot deflected off of the hood of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper. The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that

the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff is expected to attempt to offer into evidence the curriculum vitae of James Fyfe and Bruce Rounsaville (referenced as plaintiff's exhibit 83).  See **Exhibit A**, James Fyfe information.  The defendants now move to preclude this evidence because it is inadmissible hearsay.

II.	LAW AND ARGUMENT.
	A.	STANDARD OF REVIEW.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

	B.	THE CURRICULUM VITAE OF JAMES FYFE AND BRUCE ROUNSAVILLE ARE INADMISSIBLE HEARSAY.

Plaintiff seeks to offer into evidence the curriculum vitae of James Fyfe and Bruce Rounsaville to prove the truth of the matters contained therein, namely that they have the experiences and skills listed.  As such, this is clearly hearsay.  Furthermore, no hearsay exception exists.  See State, Dept. of Health and Welfare, ex rel. Osborn v. Altman, 122 Idaho 1004, 1008-1009, 842 P.2d 683, 687 (Idaho 1992) (upholding

exclusion of curriculum vitae as hearsay not subject to business records exception); Sharman v. Skaggs Companies, Inc., 124 Ariz. 165, 169, 602 P.2d 833, 837 (Ariz.App.1979) (curriculum vitae is inadmissible hearsay); Hamilton v. Spraying Systems, Inc., 2004 WL 2191330, *16 (N.D.Ill.) (N.D.Ill. 2004) (refusing to consider resume in motion for summary judgment because it was hearsay); Taylor v. Pennsylvania Human Relations Com'n, 681 A.2d 228, 235 (Pa.Cmwlth. 1996) (resumes are hearsay). Furthermore, once these experts testify as to their qualifications, the curriculum vitae will be needlessly cumulative. As such, they must be excluded as hearsay.

    **C.    EVEN IF ADMISSIBLE PURSUANT TO SOME EXCEPTION, UNFAIR PREJUDICE THAT WILL RESULT FROM THE CURRICULUM VITAE OUTWEIGHS ANY PROBATIVE VALUE.**

The likelihood or even possibility that the jury will focus more on the expert's qualifications than their testimony dictates that the CVs should not be offered into evidence. The Court, not the jury, decides whether a witness is qualified as an expert.

### III. **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

> THE DEFENDANTS,
> MICHAEL BREEN and TOWN OF
> NORTH BRANFORD
>
> /s/John J. Radshaw, III
> Thomas R. Gerarde, ct5640
> John J. Radshaw, III, ct19882
> Jeffery E. Potter, ct26356
> HOWD & LUDORF, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (fax)

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 1st day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

> /s/John J. Radshaw, III
> Thomas R. Gerarde
> John J. Radshaw, III
> Jeffery E. Potter

4