**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | :<br>:<br>: | NO.: 3:00 CV 0052 (RNC) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | :<br>:<br>: | NO.: 3:01 CV 0229 (RNC) |
| | : | |
| v. | : | |
| | : | |
| NORTH BRANFORD | : | JUNE 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE: AUTOPSY PHOTOGRAPHS AND**
**PHOTOGRAPHS OF DECEDENT IN VEHICLE**

**I.    BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette. Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired two shots from his service weapon at the vehicle. The first shot deflected off of the hood

of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper.  The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff is expected to introduce photographs from the autopsy (referenced cumulatively as exhibit #76) of the decedent and photographs of the decedent at the scene of the incident (plaintiff's exhibit # 21, 22, and 23).  The defendants now move to exclude several of these photographs on the grounds that they irrelevant.  The defendants further move to exclude the remaining photographs because they are cumulative and/or their probative value is substantially outweighed by the danger of unfair prejudice.

II.   **LAW AND ARGUMENT.**
    A.   **STANDARD OF REVIEW.**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not

relevant is not admissible."  Fed. R. Evid. 402.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

"The decision whether to admit graphic or gruesome pictorial representations of plaintiff's injuries lies within the discretion of the Court."  Colon ex rel. Molina v. BIC USA, Inc., 199 F.Supp.2d 53, 98 -99 (S.D.N.Y. 2001). See also, Martin v. Maintenance Co., 588 F.2d 355 (2d Cir. 1978); Whelan v. Penn Central Co., 503 F.2d 886 (2d Cir.1974).  "Relevant photographic evidence may, however, be excluded pursuant to Rule 403 if its prejudicial effect outweighs its probative value."  Colon ex rel. Molina v. BIC USA, Inc., 199 F.Supp.2d at 99.

### B. THE AUTOPSY PHOTOGRAPHS NOT DEPICTING THE DECEDENT'S INJURIES MUST BE EXCLUDED AS IRRELEVANT.

The three elements of general damages in a wrongful death case in Connecticut are: "(1) compensation for conscious pain and suffering; (2) lost earning capacity less deductions for necessary living expenses, discounted for present cash value; and (3) compensation for the destruction of life's enjoyment."  Kiniry v. Danbury Hospital, 183 Conn. 448, 460 (1981).

3

"Photographs depicting the bloody victim in a trial have routinely been the subject of Rule 403 objections, and the Second Circuit has made clear that the graphic or disturbing nature of a photograph alone is not enough to render it inadmissible." U.S. v. Salim, 189 F.Supp.2d 93, 98 (S.D.N.Y. 2002). "Rather, the analysis hinges upon whether the photograph is relevant to the resolution of some disputed point in a trial or otherwise aids a jury in a factual determination." Id.

The only possible basis for offering the autopsy photos is to show conscious pain and suffering prior to death resulting from the injuries the decedent sustained from the bullet wound. However, autopsy photographs numbered 2, 3, 4, 6, 8, 9 and arguably 10, do not depict the injury. (**Exhibit A**, Autopsy photographs (referenced by Medical Examiner's identification number)). In addition, plaintiff's exhibit numbers 21, 22 and 23, attached hereto as **Exhibit B**) do not depict the plaintiff injuries. Rather, these photographs demonstrate the condition of the decedent post-death, without showing the actual injury. As such, these photographs are not demonstrative of pain and suffering, because they only show the general condition of the body *after death,* and not the actual injury that may have caused any pain of suffering. As such, they are not relevant to a disputed point nor will they aid the jury in a factual determination. As such, these photographs must be excluded.

**C. THE AUTOPSY PHOTOGRAPHS DEPICTING THE DECEDENT'S INJURIES SHOULD BE LIMITED IN NUMBER BECAUSE THEY ARE CUMULATIVE AND WOULD CLEARLY BE INTRODUCED FOR SHOCK VALUE WITH THE INTENT OF INDUCING AN EMOTIONAL RESPONSE AND INFLAMING THE PASSIONS OF THE JURY.**

Arguably, autopsy photographs numbered 1, 5, 7, 10, 11, 12 and 13 (**Exhibit A**) are relevant to demonstrate conscious pain and suffering as an element of damage because they demonstrate the injury inflicted by the bullet. However, there is only one entrance and one exit wound. As such, submitting multiple photographs of the entrance and exit wounds would clearly be intended to shock the jury. Photographs 1, 5, 7 and 10 are taken from such a distance or angle that it is difficult to actually see the wound. As such, these photographs have limited probative value in demonstrating pain and suffering, but have a high tendency to unfairly invoke shock and emotion in the jury.

"The Advisory Committee Notes to Rule 403 define "undue prejudice" as an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" U.S. v. Salim, 189 F.Supp.2d at 98 (citing Fed. R. Evid. 403. advisory committee's note). In conducting the probative versus prejudice balancing test, "[t]he availability of other means of proof may also be an appropriate factor." Fed. R. of Evid. 403 advisory committee's note. "'The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact by other, non-prejudicial evidence.'" U.S. v. Salim, 189 F.Supp.2d at 98 (quoting 22 Charles A. Wright & Kenneth Graham, Jr., *Federal Practice and Procedure,* § 5214

5

(1978 ed.)).

In Lin v. National Railroad Passenger Corp., 2003 WL 23192025, *2 (Conn.Super.) (Conn.Super. 2003), the court considered the admissibility of photographs of the decedent's body and excluded several of them. The Court stated,

> The court has viewed eight photographs of the decedent's body taken at the scene. Five photos were taken by the Milford Police Department investigators and three were taken by representatives of the defendant. The court bears in mind that this is a tragic death case and any photos of the body of a thirty-two-year-old female decedent may be disturbing given the nature of her death. While the five photos taken by the Milford Police Department depict the body in a contorted position, they are relatively bloodless and are not in the court's opinion, gruesome. They are being offered for reasons related to location and the force of impact and not solely to depict a mangling and the decapitation of the decedent's body. The number of photos, being five, is not cumulative in nature and not necessarily inflammatory. The remaining three photos taken by Metro-North representatives are in fact more bloody and gruesome. They focus solely on the body itself and do not include a view of the surrounding area. Location of the decedent on the trestle and where her body finally landed could not be ascertained from these photos. Their inclusion would be cumulative and would focus only on the gruesome nature of the decedent's injuries.

Id. See also, Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1004 (5th Cir. 1998) (affirming district court's decision to exclude photographs of decapitated and burned decedent, despite probative value, because admitting them would "create[] some risk that the jury's decision would be based on a visceral response to the images presented (citing Gomez v. Ahitow, 29 F.3d 1128, 1139 (7th Cir.1994) ("holding that the

district court erred in admitting "gruesome" photographs of victim's body"); and, <u>Ferrier v. Duckworth</u>, 902 F.2d 545 (7th Cir.1990) ("holding that the district court erred in admitting enlarged photographs of a pool of the victim's blood")).

     In this case, allowing the jury to view multiple post-mortem photographs of the decedent that do not clearly demonstrate the actual injuries, would undue prejudice with little or no probative value in demonstrating or depicting the injury that caused any conscious pain and suffering.  The availability of the autopsy photographs that more clearly demonstrate the injuries is a factor that should be taken into consideration when weighing whether some of the photographs should be excluded.  As such, the photographs that do not accurately depict the decedent's injuries should not be submitted to the jury.

### III. **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

        THE DEFENDANTS,
        MICHAEL BREEN and TOWN OF
        NORTH BRANFORD

        /s/John J. Radshaw, III
        Thomas R. Gerarde, ct5640
        John J. Radshaw, III, ct19882
        Jeffery E. Potter, ct26356
        HOWD & LUDORF, LLC
        65 Wethersfield Avenue
        Hartford, CT  06114
        (860) 249-1361
        (860) 249-7665 (fax)

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 1st day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

                                         /s/John J. Radshaw, III
                                         Thomas R. Gerarde
                                         John J. Radshaw, III
                                         Jeffery E. Potter