

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | : | NO.: 3:00 CV 0052 (RNC) |
| v. | : | |
| MICHAEL BREEN | : | |
| | | |
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | : | NO.: 3:01 CV 0229 (RNC) |
| v. | : | |
| NORTH BRANFORD | : | JUNE 17, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE RE: PRE-MORTEM PHOTOGRAPHS OF DECEDENT
AND OTHER EXHIBITS NOT PREVIOUSLY DISCLOSED**

I.  **BACKGROUND.**

This case involves the death of a citizen, Victoria Cooper, who was shot by Officer Michael Breen as she drove a motor vehicle towards him on a darkened roadway in North Branford, Connecticut following a stop of that vehicle and escape of the driver, Steven Guerrette. Despite having ample opportunity to change direction and avoid a confrontation, Cooper drove toward Officer Breen, who, fearing that the deadly force embodied in a moving motor vehicle would be used against him imminently, fired two shots from his service weapon at the vehicle. The first shot deflected off of the

hood of the vehicle; the second shot struck Cooper and fatally wounded her.

It is the defendants' contention that Officer Breen reasonably believed that his life was in danger of the imminent deadly force embodied by the motor vehicle driven toward him by Victoria Cooper. The defendants submit Officer Breen is protected by the doctrine of qualified immunity and self-defense. Concerning the plaintiff's claim that the Town of North Branford violated the decedent's rights as a result of its failure to train its officers about shooting at motor vehicles, the defendants submit that there is no factual basis for this claim.

The plaintiff is expected to introduce multiple family photographs (referenced as plaintiff's exhibit #115) in the joint trial memorandum. In addition, plaintiff never previously disclosed Exhibit # 116, Cooper's college transcripts; Exhibit #117, Color Picture at Funeral; and, Exhibit # 117, Black and White Picture at Funeral. The defendants now move to exclude these photographs and exhibits because they have never been previously disclosed to the defendants. And, if the Court does not exclude said photographs, an order limiting the number of general non-descript photographs because, in order to be relevant, these photographs must demonstrate the decedent's carrying on and enjoyment of life's activities. In addition, the photographs of the funeral are irrelevant or unfairly prejudicial.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### B. PHOTOGRAPHS MUST BE EXLCUDED BECAUSE THEY HAVE NEVER BEEN PREVIOUSLY DISCLOSED AND DEFENDANTS WILL SUFFER PREJUDICE BY LACK OF THEIR DISCLOSURE.

On May 11, 2000, the Defendants served on the plaintiff the following request for production.

> **13. All tangible things which you intend to offer into evidence at the time of trial.**

Plaintiff responded as follows.

> **Objection: This request is premature and invades the work product of**

3

**plaintiff's counsel. Disclosure will be made in accordance with the pretrial order.**

(See **Exhibit A** defendant's interrogatories and plaintiff's responses). This Court ordered discovery to be complete by 6/30/02. Plaintiff failed to disclose her intention of exhibiting pre-mortem photographs of the decedent until approximately May 26, 2005.

The defendants now move to exclude these photographs, as defendants are extremely prejudiced by their late disclosure and entry into evidence for the following reasons:

1. Defendants have no way of finding out the accuracy of the dates of the photographs or what the photographs represent before trial.

2. Defendants are precluded from conducting discovery that requires plaintiff to produce other photographs to be used for more accurate representation of the overall picture of the decedent's life.

3. Defendants cannot conduct discovery as to whether decedent regularly engaged in activities or had still engaged in such activities at the time period near her death.

4. Decedent's loss of enjoyment of carrying on life's activities is a substantial portion of wrongful death damages.

"Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") provides that [a] party that

4

without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed. Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness." Design Strategies, Inc. v. Davis, 2005 WL 1026556, *2 (S.D.N.Y.) (S.D.N.Y.,2005) (internal quotation marks and citations omitted) (alteration in original ).

When considering whether to impose Rule 37's exclusion sanction, courts in this Circuit consider (1) the party's explanation for the delay in advancing the new evidence; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Point Productions A.G. v. Sony Music Entertainment, Inc., 2004 WL 345551, *9 (S.D.N.Y.) (S.D.N.Y. 2004).

"In a death action the plaintiff is entitled to damages which would have compensated the deceased so far as money could do for the destruction of his capacity to carry on life's activities as he would have done had he not been killed. Although damages cannot be based upon the value which a man would place upon his own life or upon any sentimental considerations, damages are not restricted to those arising from the mere destruction of earning capacity. Accordingly, the parties in a death action are entitled to attempt to present an over-all picture of the decedent's activities to enable the jury to make an informed valuation of the total destruction of his capacity to

carry on life's activities."  Waldron v. Raccio, 166 Conn. 608, 616-617 (Conn. 1974) (internal citations and quotation marks omitted).

However, that overall picture must also give the defendant an opportunity to present evidence that the decedent did not enjoy life.  "The jury [is] entitled to look at the *overall* picture of the decedent's activities in determining how pleasurable the decedent's future might have been." Brown v. Dooling, 1998 WL 43197, *7 (Conn.Super.) (Conn.Super. 1998) (emphasis added).  In Brown v. Dooling, the court upheld an award of $1.00 in a wrongful death case because, "the jury could have reasonably found that [decedent] had little enjoyment of life's activities while he lived, and therefore as to claimed loss of enjoyment of life's activities by virtue of death the jury could have found that the plaintiff had only proved nominal damages."  By virtue of failing to disclose the family photographs in this case, the defendants have been deprived of the opportunity to conduct discovery and obtain evidence, in the form of more recent photographs, taken while plaintiff engaged in substantial drug use and other self-destructive behavior, in order to demonstrate lack of enjoyment of life's activities.

As such, defendants are prejudiced and the plaintiff should be precluded from offering these photographs as an appropriate sanction pursuant to Federal Rule of Civil Procedure 37(c)(1).

### C. IF THE COURT ALLOWS THE PLAINTIFF TO INTRODUCE PHOTOGRAPHS OF THE DECEDENT, THEY SHOULD BE LIMITED IN NUMBER AND SCOPE AND PLAINTIFF MUST BE REQUIRED TO PRODUCE PHOTOGRAPHS OF THE DECEDENT DURING THE LAST EIGHTEEN MONTHS PRIOR TO HER DEATH

The defendants move that if plaintiff is allowed to admit family photographs into evidence, that plaintiff be ordered to produce for inspection, any photographs of the decedent during the eighteen months prior to this incident and permit defendants full use at trial of these photographs. There is ample evidence that the decedent had turned to significant drug use and may have been had a limited enjoyment of life during this time. As plaintiff has never disclosed family photographs prior to this date, despite requests for all exhibits to be used at trial, it would be completely unfair not to allow defendants to demonstrate the decedent's appearance by use of more recent photographs.

In addition, defendants request that the photographs used are limited in scope to a time period of the last five years, or else, the photographs are likely to inaccurately depict the decedent's enjoyment of life, given significant evidence of substantial drug use in the eighteen months prior to her death. If the plaintiff is allowed to introduce only older photographs, the jury may inaccurately award damages based upon the decedent's loss of enjoyment of life's activities, projected into the future, based upon how she appeared to enjoy life at one time, rather than as she appeared more recently, as projected into the future.

7

Finally, if the plaintiff is allowed to use these photographs, defendants move that they be limited in number because, at a certain point, the evidence becomes cumulative, especially if the photographs don't portray anything in particular, such as the decedent engaged in a specific activity.

### D. PHOTOGRAPHS OF THE FUNERAL MUST BE EXCLUDED AS IRRELEVANT OR UNFAIRLY PREJUDICIAL

The photographs taken at the funeral of the decedent are irrelevant to any issue in the case. Even if relevant, the tendency of the photographs to illicit an emotional response in the jury will create unfair prejudice with little or no probative value and they must be excluded.

## III. CONCLUSION.

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion in limine is granted.

THE DEFENDANTS,
MICHAEL BREEN and TOWN OF NORTH BRANFORD

_____
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
Jeffery E. Potter, ct26356
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day of June, 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT 06511

_____
Thomas R. Gerarde
John J. Radshaw, III
Jeffery E. Potter

9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
ADMINISTRATRIX OF THE ESTATE
OF VICTORIA COOPER                  :   NO.: 3:00CV00052 (DJS)

v.                                  :

MICHAEL BREEN                       :   JUNE 12, 2000

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION
DIRECTED TO THE PLAINTIFF**

Defendant, Michael Breen, requests that the plaintiff, Margaret Cowan, Administrator, answer under oath in accordance with Rule 33 of the Fed. R. Civ. P., the interrogatories attached hereto, and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P.

### INTERROGATORIES

1. State your residence address, business address, date and place of birth, height, weight, Social Security Number, marital status, driver's license number, and present employer.

**ANSWER:**   Margaret Cowan
Residence Address: 46 Spring Street, Milford, CT 06460.
Business Address: 28 Woodmont Road, Milford, CT 06460.
Date and place of birth: Milford, CT, 8/14/38.
Height and weight: not applicable.
Social Security Number: 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.
Marital status: Separated.
Driver's License Number: CT 201770071.
Present Employer: Alinabal, Inc.

     11. Copies of the report of the autopsy performed on the decedent and authorizations permitting the undersigned or its representative to examine and obtain copies of the same.

**ANSWER**:    Autopsy report previously forwarded to defendant's counsel.

     12. Any other documents which you intend to offer into evidence at the time of trial.

**OBJECTION:** This request is premature and invades the work product of plaintiff's counsel. Disclosure will be made in accordance with the pretrial order.

     13. All tangible things which you intend to offer into evidence at the time of trial.

**OBJECTION:** This request is premature and invades the work product of plaintiff's counsel. Disclosure will be made in accordance with the pretrial order.

     14. Any documentation of your receipt of any sums of money, or benefits, referred to in your response to the above interrogatories.

**ANSWER**:    Not applicable.

     15. Copies of the Federal and State Estate tax returns of the decedent's estate and authorizations permitting the undersigned or its representative to examine and obtain copies of the same.

**ANSWER**:    Not applicable, as federal and state estate tax returns have not yet been filed on the decedent's behalf.

**OBJECTION:** As to authorizations, plaintiff objects. Rules 26 and 34 Fed. R. Civ. P. do not require creation of documents. Additionally, this request is overbroad and seeks irrelevant material.

     16. If loss of earnings or earning capacity is alleged or claimed, copies of the income tax returns of the decedent for the tax year covering the date of accident, the tax year immediately preceding.

**ANSWER**:    1999 income tax return attached. 1998 income tax return to be provided.

13

17. Copies of all statements, as that term is defined in Practice Book Rule 13-1, of all parties and non-party declarants concerning the accident or incident alleged in the Complaint.

**OBJECTION:** Plaintiff objects to the extent this request seeks privileged information and material.

THE PLAINTIFF

By _____
David Rosen
Rosen & Dolan, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
Fed. Bar No.: 00196

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on June, 14, 2000 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
David N. Rosen

14

17. Copies of all statements, as that term is defined in Practice Book Rule 13-1, of all parties and non-party declarants concerning the accident or incident alleged in the Complaint.

**OBJECTION:** Plaintiff objects to the extent this request seeks privileged information and material.

THE PLAINTIFF

By _____
David Rosen
Rosen & Dolan, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
Fed. Bar No.: 00196

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on June, 14, 2000 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
David N. Rosen

14