UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:00 CV 0052 (RNC) |
| v. | : : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:01 CV 0229 (RNC) |
| v. | : : | |
| NORTH BRANFORD | : | JUNE 20, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE RE PREVIOUS INCIDENTS INVOLVING STEPHEN GUERETTE; GUERETTE'S CRIMINAL RECORD; VICKI COOPER'S PERSONAL BODY MARKINGS; OTHER IRRELEVANT CONDUCT OF MS. COOPER; AND LATE DISCLOSED EXHIBIT**

**I.   BACKGROUND.**

The plaintiff filed a catch-all motion in limine re previous incidents involving Stephen Guerette; Guerette's criminal record; Vicki Cooper's personal body markings; other irrelevant conduct of ms. cooper; and late disclosed exhibit. The defendants respond as follows:

**II.   LAW AND ARGUMENT.**

   **A.   STANDARD OF REVIEW.**

The decisions of the district court on evidentiary issues are reviewed for abuse of discretion. *United States v. Garcia*, 291 F.3d 127, 139-40 (CA2 2002). Federal district

courts have the power to exclude evidence in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). This court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly*, 874 F.2d 412, 416 (CA7 1989), *citing Luce*, 469 U.S. at 41 ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") *See generally*, 21 *Charles A. Wright & Kenneth W. Graham*, Jr., FEDERAL PRACTICE AND PROCEDURE ¶¶ 5037, 5042 (1977 & Supp.1993).

    Fed.R.Evid. 401 provides "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 403 provides although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See SEC v. Peters*, 978 F.2d 1162, 1171

(CA10 1992) (noting almost all evidence, in the eyes of one party or the other, will be perceived as prejudicial).

Evidence of other acts is not admissible to prove that the actor had a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait. Rule 404 provides that, with certain exceptions not pertinent here, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," Fed.R.Evid. 404(a), and that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b). Rule 404(b) does, however, provide that other crimes, wrongs, or acts "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see also Huddleston v. United States,* 485 U.S. 681, 687-88 (1988); *United States v. Pitre,* 960 F.2d 1112, 1119 (CA2 1992).

Where intent is in issue, evidence of other acts that bear on intent is properly admissible under Rule 404(b). *Hynes v. Coughlin*, 79 F.3d 285, 290-291 (CA2 1996). For example, in a civil rights suit brought by a prison inmate, where the plaintiff testifies that he struck a corrections officer reflexively and by accident, the trial court may properly admit evidence of the plaintiff's prison disciplinary record of assaults to show the absence of mistake. *See Young v. Rabideau* 821 F.2d 373, 376-80 (CA7 1987), *cert. denied,* 484 U.S. 915 (1987).

**B. PRIOR CONDUCT OF MR. GUERETTE'S REGARDING FLIGHT AND RUNNING FROM POLICE, UNRELATED TO THE PRESENT INCIDENT.**

The defendants will not offer or elicit any evidence on this issue, except to rebut any evidence offered by Mr. Guerette, if called, that he has never acted in a similar manner on a prior occasion. The defendants will, however, offer this evidence on the issue of damages as illustrative of Ms. Cooper's life.

**C. MR. GUERETTE'S PRIOR CRIMINAL HISTORY AND CRIMINAL CONVICTIONS ARISING FROM PRESENT INCIDENT.**

This evidence is probative of Guerette's motive, his intent and his credibility. *United States v. Burnside*, 824 F.Supp. 1215, 1264-6 (N.D. Ill. 1993) (evidence that witness was using drugs when observing an incident and had prior long term history of drug use relevant to credibility and ability to accurately relate his observations). If the court excludes this evidence, the defendants will be unable to present evidence that would provide sufficient "information to appraise the biases and motivations of the witness." *United States v. Parker*, 991 F.2d 1493, 1497 (9th Cir.), *cert. denied*, 114 S.Ct. 121 (1993).

It is accepted law to establish evidence of conduct leading that could lead to an arrest or the arrest itself, including the convictions stemming from that arrest as admissible to provide the jury with a full account of the events giving rise present claims and to demonstrate a motive to run, hide, and resist arrest. *See, e.g., Hernandez v. Cepeda*, 860 F.2d 260, 265 (CA7 1988) (holding that evidence of charges on which arrestee was being arrested at time of alleged civil rights violations was admissible to demonstrate motive to resist arrest). In *Greene v. Distelhorst,* 116 F.3d 1480, 1997 WL 351298, *4 (CA6 1997), the court concluded a drug abuse conviction was based on the

marijuana found in the plaintiff's possession at the time of the arrest was admissible for the purpose of demonstrating *Greene* plaintiff's motive to flee and resist arrest and the officers' motive to maintain pursuit. The court held the conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting the plaintiff; and second, because the plaintiff was found guilty of resisting arrest, he was precluded from re-litigating that issue in this action. The court found the evidence was necessary to provide the jury with a full account of the events surrounding the plaintiff's claims against the City and the police officers, it was admissible for that legitimate purpose, and the district court did not abuse its discretion in admitting it for that limited purpose. Not only is it relevant, but given the presence of cocaine and/or drug paraphernalia on Steven Guerette, a reasonable police officer would have probable cause to believe that there may have been more drugs present in the vehicle and/or that Ms. Cooper had knowledge of the presence of such drugs and and/or was involved in the possession and/or use of the drugs. *Stevenson v. D. C. Metropolitan Police Dep't*, 248 F.3d 1187, 1191 (D.C. Cir.) (although not known at time to police, subject's possession of gun was relevant, because it showed his motivation to escape at all costs); *Edwards v. Thomas,* 31 F. Supp. 2d 1069, 1073 (N.D. Ill. 1999) (jury could view plaintiff's consumption of contraband, 49 bags of heroin, as significant in determining whether was "vigorously and actively" resisting); *Daniels v. Loizzo*, 986 F. Supp. 245 (S.D.N.Y. 1997) (court admitted evidence of existing parole warrant to prove motive to resist arrest); *Schadler v. Anthem Life ins. Co.*, 1999 WL 1044486 (N.D.Tex. 1999) (decedent's state of mind and intent are informed by the types of particular drugs

ingested); *United States v. Bitterman*, 320 F.2d 723, 727, 60 Fed.R.Evid.Service. 1047 (CA7 2003) (admission of evidence supporting heroin use five years before robbery and evidence of drug addiction was relevant and admissible to defendant's motive to commit the robbery in question); *Grimes v. Mazda North American Operations*, 355 F.3d 566, 63 Fed.R.Evid.Serv. 309 (CA6 2004) (evidence of alcohol and drug use on evening of accident relevant to existence of impaired memory and credibility of witness); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505, 40 Fed.R.Evid.Serv. 598 (CA5 1994) (post-accident positive drug test admissible to show plaintiff was under the influence at the time of the accident); *State v. Dickson*, 12 Utah 2d 8, 13 361 P.2d 412 (1961) (evidence that defendant was fugitive from justice and would be trying to desperately to avoid capture by police and would therefore have strong motive for killing peace officer relevant and admissible to show motive for killing); *Mendoza v. Gates*, 19 Fed.Appx. 514, 2001 WL 1003066 (CA9 2001) (evidence of cocaine ingestion/possession relevant to decedent's motive to flee in connection with high-speed police pursuit that ended in justified use of deadly force by officer against the decedent driver); *United States v. Johnson*, 1997 WL 732436 *1 (D.D.C.) (fact that possession of illegal drugs could lead to substantial prison term provided strong motive to flee); *United States v. Cort*, 1998 WL 732429 *3 (D.D.C.) (fact that possession of illegal drugs could lead to deportation provided strong motive to flee); *State v. Boyd*, 2004 WL 440207 (Wash.App.Div. 2) (evidence that defendant's driver's license was suspended is admissible and probative to determine defendant's motive to resist arrest); *Barnes v. City of New York*, 296 A.D.2d 330, 745 N.Y.S.2d 20 (2002) (jury verdict in favor of plaintiff set aside and judgment reversed when trial court precluded evidence of plaintiff's membership in

antisocial gang which espoused ideological hatred for police in personal injury action against peace officer who shot plaintiff in course of pursuit and arrest).

Therefore, Guerette's criminal history and the criminal convictions associated with this incident should be admitted.

### D.    MS. COOPER'S BODY MARKINGS.

The defendants will not offer or elicit any evidence on this issue in any phase of this case.

### E.    MS. COOPER'S USE OF MARIJUANA AS A TEENAGER, HER PLAN TO FILE BANKRUPTCY, AND HER ASSOCIATION WITH A "DISREPUTABLE BOYFRIEND"

The defendants will not offer or elicit any testimony about Ms. Cooper's use of marijuana as a teenager or her plan to file bankruptcy in this case.

Concerning her association with a "disreputable boyfriend," the defendants are free to demonstrate at a damages phase of this case, any evidence that bears on her quality of life – particularly because it is suggested that this "disreputable boyfriend" was the starting point for her use and abuse of drugs. This evidence is relevant to her quality of life and should be admitted.

### F.    DEFENSE EXHIBIT, POLICE AUDIO RECORDINGS.

The defendants will not offer this exhibit.

### III. **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that the plaintiff's motion in limine is denied.

THE DEFENDANTS,
MICHAEL BREEN and TOWN OF
NORTH BRANFORD


By ___/s/ John J. Radshaw, III____
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
Jeffery E. Potter, ct26356
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 20th day of June 2005.

David N. Rosen, Esquire
400 Orange Street
New Haven, CT  06511

_____/s/ John J. Radshaw, III____
Thomas R. Gerarde
John J. Radshaw, III
Jeffery E. Potter
