UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:00 CV 0052 (RNC) |
| v. | : : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN, ADMINISTRATRIX OF THE ESTATE OF VICTORIA COOPER | : : : : | NO.: 3:01 CV 0229 (RNC) |
| v. | : : | |
| NORTH BRANFORD | : | JUNE 23, 2005 |

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE TESTIMONY OF MANNER, POPOLIZIO AND CANELLI**

The defendants respond to Plaintiff's Opposition to Defendants' Motion in Limine Re Testimony of Manner, Popolizio and Canelli as follows:

The Plaintiff argues that without the admission of department guidelines, training or other police officers testimony as to the same, the jury will be left to rely on it sown personal ideas of what police officers should do and what they should know. This is false. The Court will properly instruct the jury of the standard to apply to officer Breen's conduct.

Furthermore, "violations of state law and police procedure generally do not give rise to a § 1983 claim." Romero v. Board of County Com'rs of County of Lake, State of Colo., 60 F.3d 702, 705 (10th Cir. 1995); Drewitt v. Pratt, 999 F.2d 774 (4th Cir. 1993) (failure of officer to display his badge when announcing himself as a police office, even

if it was a violation of state law, was irrelevant to issue of whether suspect posed a threat of death or serious bodily harm to him at the time he shot.)

See, Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996) (In shooting death of decedent involved in struggle with police officer, "[p]laintiff fault[ed] [officer] for various violations of police procedure, such as failing to carry a radio or call for back-up, and also for failing to disengage when the other children entered the fray. However, Officer Proulx's actions leading up to the shooting are irrelevant to the objective reasonableness of his conduct at the moment he decided to employ deadly force. The reasonableness inquiry depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force.")  The irrelevance of the prior conduct necessarily includes violating department rules, policies, training and guidelines.

See Marti v. City of Maplewood, Mo., 57 F.3d 680, 684 (8th Cir. 1995) (affirming exclusion of police department policies in civil right case because relevance was minimal, "[i]n this case, appellants do not assert that the policies sought to be admitted were the moving force behind a constitutional violation. Rather, it appears that they are contending that the police officers did not follow official policies during the incident."

Plaintiff argues that Breen's State Police training records, from 1982, are relevant because they show some of what Breen had learned of should have learned in his police training. (State Police records, attached hereto as **Exhibit A**). This is false for two reasons. First, the records have absolutely no indication of any training Officer Breen received. Second, this training was prior to the Supreme Court's decisions in Graham v. Connor, 490 U.S. 386 (1989) and Tennessee v. Garner, 471 U.S. 1 (1985),

making what he may have learned bout use of force, particularly the use of deadly force, completely irrelevant to the current standards.

Regarding the prior shooting incident involving another police officer. If this shooting incident is relevant, it only relevant to the Monell claim. That the issue of shooting at motor vehicles was put "front and center" is only relevant to Monell. The claims against individual officers and the city in a Monell count are bifurcated to avoid prejudice to the individual officers resulting from the introduction of evidence of other acts. See DiSorbo v. Hoy, 343 F.3d 172, 179 (2d Cir. 2003) ("The court determined that the danger of unfair prejudice weighed in favor of bifurcation, citing the risk that the individual police officer defendants would be prejudiced by the evidence offered against the City of previous incidents of brutality by Schenectady police officers"; Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999) ("Chief Judge McAvoy noted that the plaintiff wished to introduce evidence in support of his claim against the City that would likely be either inadmissible as against [officer], or prejudicial to those individual defendants. This evidence consisted in part of the personnel records of police officers, including the individual defendants, as well as a history of all claims of excessive force brought against the entire Police Department").

                          THE DEFENDANTS,
                          MICHAEL BREEN and TOWN OF
                          NORTH BRANFORD

                          _____/s/ Jeffrey E. Potter_____
                          Jeffery E. Potter, ct26356
                          HOWD & LUDORF
                          65 Wethersfield Avenue
                          Hartford, CT  06114
                          (860) 249-1361
                          (860) 249-7665 (fax)

- 4 -

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 23rd day of June 2005.

David N. Rosen, Esquire
400 Orange Street
New Haven, CT  06511

                                                  ____/s/ Jeffrey E. Potter_____
                                                  Jeffery E. Potter