UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
        Plaintiff,

V.                                    :        CIVIL NO.: 3:00CV00052(RNC)
                                                 ALL CASES

MICHAEL BREEN,               :
        Defendant.

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
        Plaintiff,

V.                                    :        CIVIL NO.: 301CV00229 (RNC)

TOWN OF NORTH BRANFORD    :        JUNE 20, 2005
        Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE RE TESTIMONY OF MANNER, POPOLIZIO AND CANELLI**

**I. EVIDENCE OF DEPARTMENTAL RULES AND TRAINING GUIDELINES IS RELEVANT AND ADMISSIBLE**

      This motion is for the most part completely meritless. Its principal assertion is that North Branford's policies, and the training defendant Breen receive, have nothing to do with the reasonableness of his conduct. Contrary to defendants' assertion, made without any case support, that violation of departmental policy or training guidelines is irrelevant, it is well-established that evidence of rules and policy is *relevant* even if not conclusive. *Tennessee v. Garner,* 471 U.S. 1, 18-19 (1985). *See, Ludwig v. Anderson*, 54 F.3d 465, 472 (8th Cir. 1995); *Scott v. Henrich*, 39

F.3d 912, 916 (9th Cir. 1994)(regulations are relevant if they are intended to *"protect the individual against whom force is used. …[S]uch regulations are germane to the reasonableness inquiry in an excessive force claim."*); *Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1076 (N.D. Ill. 1999) ("Objective reasonableness, the standard for excessive force claims … requires an analysis of what a hypothetical reasonable officer would have known and done in light of the circumstances confronting the actual officer in the case. Police regulations, general orders and officer training provide a relevant (although not conclusive) benchmark for making such a comparison. Any potential for the jury's automatically finding regulatory violations to equal constitutional violations can be curbed by appropriate jury instructions."); *Charles v. Cotter,* 867 F. Supp. 648, 664 (S.D. Ill. 1994) (same). Just last year the Supreme Court relied on departmental policies to overcome a qualified immunity defense in a *Bivens* case. *Grosh v. Ramirez,* 540 U.S. 551, 564 (2004)(" In fact, the guidelines of petitioner's own department placed him on notice that he might be liable for executing a manifestly invalid warrant.") Testimony about department rules and training guidelines is admissible. The alternative is exactly what defendants say they want to avoid, a jury left to rely on its own personal ideas of what police officers should do and what they should know.[1]

      Defendants make the back-up suggestion that evidence of departmental rules and training guidelines is prejudicial because the jury will confuse them with the constitutional standard. Apparently no one ever said *that* before; at least defendant has provided no case support.

---

[1] Plaintiff has also listed as exhibits Breen's own training records with the Department and the State Police, where he served briefly. *See* Exhibits 124, 125, 129, 130. These exhibits are relevant because they show some of what Breen had learned or should have learned in his police training.

Defendants point to no reason to think that the jury, which is entrusted with a complicated assignment, will stumble over the little pebble that defendants want the Court to be worried about.

## II. THE PRIOR SHOOTING INCIDENT IS RELEVANT

Not long before this shooting, the North Branford Police had had another incident where an officer, feeling threatened by a motor vehicle, fired at it. Chief Canelli described the incident as follows:

> Q. ..... Let me put that to one side and ask you about occasions when an officer discharges a firearm for any reason other than to shoot an animal.
>
> A. When was the last time?
>
> Q. Yes.
>
> A. Couple years ago. I'd say maybe two years ago.
>
> Q. And what was that incident?
>
> A. A sergeant had a chase on Route 80. Sergeant D'Ancicco, and I think it was a sport utility vehicle with tinted glass, and the car was -- the vehicle was stopped on Route 80, and as D'Ancicco got out of his vehicle, the vehicle started to come towards him and was pinning him between his vehicle and the SUV, and he fired a round at the tire.

30(b)(6) deposition of Matthew Canelli, July 7, 2000 at 34.

In the 21-member North Branford department, defendant Breen undoubtedly knew about this incident, the only shooting incident in the preceding 20 years other than animal shootings. The incident is relevant because its occurrence put the issue of motor vehicles driving at police officers front and center. The incident makes it implausible that an officer could claim not to have thought about what to do if a motor vehicle appears about to run him or her over.

3

The incident is also relevant to the *Monell* claim because it put not just Breen but the Department on notice of the importance of training to deal with such incidents.

### III.     THE PRIOR INCIDENTS INVOLVING DEFENDANT BREEN

Plaintiff has marked as exhibits a series of documents relating to Breen's prior difficulties in the department. These will become relevant if defendants attempt to introduce evidence painting Breen's prior record with the department as distinguished.

Plaintiff has also marked documents relating to Breen's divorce, including a temporary separation agreement, reflecting very high levels of family conflict, dated a month before the shooting. These items are relevant to show Breen's mental state, but the parties are discussing these exhibits, and plaintiff may not offer them (and will notify the Court by June 24).

### CONCLUSION

Plaintiff will report on the exhibits relating to Breen's separation agreement; subject to that report, the motion should be denied.

THE PLAINTIFF

By /s/ David N. Rosen
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

CERTIFICATION

    I hereby certify that a copy of the foregoing Memorandum was sent first class mail, postage prepaid on June 20, 2005 to:


Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114


        /s/ David N. Rosen
    David N. Rosen