UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.                                  :      CIVIL NO.: 3:00CV00052(RNC)
                                      ALL CASES

MICHAEL BREEN,            :
      Defendant.

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.                                  :      CIVIL NO.: 301CV00229 (RNC)

TOWN OF NORTH BRANFORD    :      JUNE 20, 2005
      Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE RE AUTOPSY PHOTOGRAPHS AND
PHOTOGRAPHS OF DECEDENT IN VEHICLE**

      Plaintiff intends to offer only two autopsy photographs, redacted to show only the areas of forensic interest, the entry and exit bullet wounds. *See* plaintiff's exhibit 76. Plaintiff has anticipated and fully addressed defendants' concerns, giving defendants more than they are entitled to.

      Defendants also object to photographs of Vicki Cooper in the Camaro, but their memorandum does not address those photos. In any case, there are again only two photos, one from the victim's left, the other from her right. *See* plaintiff's exhibits 21, 22. They were selected

because they were informative without being gruesome. They have considerable evidentiary value: exhibit 21 shows Vicki Cooper in the position where she was found after her death. The viewer can see her relationship to the seat and the window (note for example that the bullet wound is well *below* the window). Exhibit 22 shows a partial view of Vicki Cooper as seen from the driver's side , without showing any blood, and is also informative (note for example that she is not wearing glasses). It is also a view of the inside of the Camaro from the perspective of someone close to the driver's side window, which is the location where defendant Breen shot her from.

Photographs are admissible notwithstanding Rule 403 if they have evidentiary value, even if they may also be prejudicial. *See*, e.g., *United States v. Salim*, 189 F. Supp. 2d 93, 97-99 (S.D.N.Y. 2002) and cases there cited. These photographs are relevant, and none is prejudicial at all, much less sufficiently prejudicial to meet Rule 403's "undue prejudice" standard.

The motion should be denied.

THE PLAINTIFF

By /s/ David N. Rosen
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum was sent first class mail, postage prepaid on June 20, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114

                                                            /s/ David N. Rosen
                                                            David N. Rosen