UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
    Estate of Victoria Cooper,
      Plaintiff,

V.        :      CIVIL NO.: 3:00CV00052(RNC)

MICHAEL BREEN,    :
      Defendant.


MARGARET COWAN,
  as Administratrix of the
    Estate of Victoria Cooper,
      Plaintiff,

V.        :      CIVIL NO.: 301CV00229(RNC)

TOWN OF NORTH BRANFORD    :      JUNE 20, 2005
      Defendant.


**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION IN LIMINE RE TESTIMONY & EVIDENCE RE VISION PROBLEMS**

    Defendant Breen claims that he shot Victoria Cooper because she was trying to run him over. She wasn't; her night vision was so bad that she couldn't even see him until she was very close to him. Defendants say that this fact is irrelevant because Breen didn't know it at the time. Defendants are going uphill on this issue since the Second Circuit specifically mentioned Vicki Cooper's poor vision as relevant to the dispute between the parties:

> in response to Breen's argument that Cooper could have turned left or made a
> U-turn to avoid him, Cowan argues that Cooper probably did not even see Breen,
> since an optometrist's report indicates that Cooper had poor night vision and depth
> perception.

*Cowan v. Breen*, 352 F.3d 756 (2d Cir. 2003). Defendants' view of the potential relevance of this evidence is short-sighted: the evidence is relevant for at least three reasons.

    First, the fact that Vicki Cooper couldn't see Breen from where she started the car is relevant to Breen's claim that she was driving right at him. Since she couldn't see him, she wasn't driving right at him on purpose. This fact is relevant to the issue of whether she was driving right at him at all. If Breen was standing on the centerline, as substantial evidence suggests that he was, then Vicki Cooper would have had to go *out of her way* to be heading right at him from her starting position way over on the right shoulder where Breen pulled the car over. The fact that she could not see Breen – her ostensible target and the only reason that she would go out of her way – is powerful evidence that she was not *in fact* going out of her way and driving toward where he was standing on the centerline. It is powerful evidence that she was driving straight down the road – which would mean that she was not heading directly at Breen. And that in turn would mean that he had no good reason to shoot her.

    The evidence is also relevant to speed, another important issue. If the jury knew that Vicki Cooper had difficulty seeing ahead of her, it would be entitled to conclude that she probably wasn't driving very fast.

    The evidence is also relevant because the jury could infer that Breen knew that Vicki Cooper couldn't see him. He observed her wearing her thick eyeglasses. As a trained police officer he knew or should have known that her night vision was probably poor, and he knew or should have known that when she was driving down the road she couldn't see him. Armed with this knowledge, he knew or should have known that she was just driving away, not trying to run him over.

This relevant evidence is not unduly prejudicial. The jury can separate relevant from irrelevant: the concept that the defendant is to be judged by what he knew or should have known at the time is not abstruse or counterintuitive, and there is no reason to suspect that the jury will ignore it.

## **CONCLUSION**

The motion should be denied.

THE PLAINTIFF

By /s/ David N. Rosen
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum was sent first class mail, postage prepaid on June 20, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114

/s/ David N. Rosen
David N. Rosen