UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED 6/24/05

Re: ...

By: J. Walker

Deputy Clerk

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
            Plaintiff,

V.                                    :        CIVIL NO.: 3:00CV00052(RNC)

MICHAEL BREEN,                        :
            Defendant.


MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
            Plaintiff,

V.                                    :        CIVIL NO.: 301CV00229(RNC)

TOWN OF NORTH BRANFORD               :        JUNE 24, 2005
            Defendant.

## PLAINTIFF'S MOTION IN LIMINE RE CONDUCT OF STEPHEN GUERETTE

Plaintiff moves in limine pursuant to Fed. R. Evid. 401, 402 and 403 to exclude evidence

of the events preceding the moments before the shooting.  All the evidence of defendant Breen's

conduct, and the conduct of Ms. Cooper and Mr. Guerette, is irrelevant other than to establish the

fact that Ms. Cooper was not free to leave the scene and is highly prejudicial. The evidence is

irrelevant because it does not tend to make it more probable that a reasonable police officer

would believe that Ms. Cooper was attempting to run Breen over rather than to drive away from

the scene.  It is highly prejudicial because it involves suspected and actual unlawful conduct that

was disrespectful of the authority of the defendant police officer.

In support of this motion, plaintiff represents as follows:

1

Plaintiff does not contest that a reasonable person in Ms. Cooper's position would appreciate that she was not free to leave the scene. Plaintiff's expert James Fyfe so testified at his deposition. But as between leaving the scene and running the officer over, there is nothing in the events preceding the shooting that would make a reasonable officer believe that running over the officer was more likely. On the contrary, after peacefully getting out of the car in compliance with the defendant's order, Guerette did not assault defendant Breen but instead ran away from him. His conduct would tend to show that Ms. Cooper would also leave the scene but not that she would assault Breen. Any reasonable officer would believe that Guerette and Vicki Cooper knew that the police were certain to have the license number of the car and were aware that the officer in all probability had called in his activity. A reasonable officer would also have to be aware of the fact that both Guerette and Ms. Cooper knew that there was only one officer at the scene and that escape would therefore be easier by far than running over an officer on foot in the roadway.

There is nothing in any of this that would support an inference in the mind of a reasonable officer that assault was more likely than flight. Because of this and because the evidence is so prejudicial, it should be excluded.

THE PLAINTIFF


By /s/ David N. Rosen
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum was emailed on June 23, 2005 and then hand-delivered on June 24, 2005 to

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114


/s/ David N. Rosen
David N. Rosen

3