UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



2005 JUN 30 P 4: 31

US DISTRICT COURT
HARTFORD CT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.  :  CIVIL NO.: 3:00CV00052(RNC)
    ALL CASES

MICHAEL BREEN,  :
      Defendant.

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
      Plaintiff,

V.  :  CIVIL NO.: 301CV00229 (RNC)

TOWN OF NORTH BRANFORD  :  JUNE 30, 2005
      Defendant.

## PLAINTIFF"S MEMORANDUM RE OPEN ISSUES

The purpose of this memorandum is to identify remaining disputed issues, as well as some issues that it would be useful to clarify although they may not be disputed, with the caveat that we may have overlooked or not anticipated some issues.

**Shirt.** Plaintiff offers the shirt Ms. Cooper was wearing when she was shot. Defendant objects on prejudice grounds. Plaintiff's perspective is that defendant Breen is alive and in the courtroom. This fact gives him a huge advantage unrelated to the merits. Anything palpable that communicates Ms. Cooper's humanity is not prejudicial; it helps offset the natural prejudice in favor of someone who is present over someone who is absent. It also has specific evidentiary

1

value: 1. The shirt, but not the photos, shows that it is part of a waitress uniform from the American Steak House restaurant, a fact that Breen would know from looking at Ms. Cooper inside the car when he pulled her over. 2. Breen might have been able to see the shirt before he shot Ms. Cooper so that he could identify who the driver was by her appearance. 3. The bullet holes give information about where she was shot and her body position at the time.

Plaintiff is happy to do whatever is reasonable to deal with concerns about dried blood. It is commonplace to introduce such items in trials arising out of someone's death. There are a variety of ways to address this logistical issues (put the shirt in a bag before sending it to the jury; don't send it to the jury at all; etc.) But she should not be required to present a desiccated case when the defendant is a living, breathing, present human being.

**Gun.** Defendant Breen shot Ms. Cooper with a gun. Again, plaintiff's view of the prejudice issue is that defendant would receive an unfair advantage if that fact were minimized or plaintiff were remitted to using some evidentiary euphemism like a photograph, stick or finger. There are also issues of more specific evidentiary relevance. The *Daubert* hearing involved much discussion of exactly where a bullet would go if the gun were pointed a certain way, whether it is proper to test a gun without a gun vice, and so on. Mr. Schwendy will be able to explain the facts concerning these issues much, much better with a gun than with his finger, or a photograph of a gun. Moreover, the issue of how and where cartridges eject from a gun has become significant, and Mr. Schwendy can explain that best by showing an actual gun and explaining exactly what does and doesn't move if the butt of the gun is resting on a monopod (the device he used) as compared with a vice. Admission of guns is commonplace. *See* 2-403 Weinstein's Federal Evidence § 403.07 at n.2. Again, plaintiff is happy to do anything reasonable concerning

2

the handling of this item.

**Departmental training about "double tapping."** There is apparently a residual disagreement about whether plaintiff can introduce evidence of the North Branford P.D.'s policy and training concerning double tapping. This issue is relevant in the first stage because Breen has testified that he shot because he was taught always to double tap. The trainers testified at their deposition that they gave no such training and the Town had no such policy or procedure. This evidence is relevant for the same reason that the Court denied defendants' motion to exclude the Town's policy concerning use of force: the trainers will simply testify to another component of the Town's policy. It is also absolutely critical in evaluating Breen's credibility: it tends to show that he made up a justification for shooting. (The Second Circuit noted the other side of this question, observing that if, contrary, to the trainers' testimony, the Town's policy and training really was as Breen described, that would be a potential basis for municipal liability. But the Town denies that this is the case and appears to agree that Breen's explanation is contrary to its understanding of proper police procedure.)

**Departmental weapons training.** Defendants object to evidence showing that Breen was trained in shooting, including night shooting and rapid fire shooting. The suggestion that the defendant police officer may not be asked whether he was trained or what training he received seems very odd, particularly coming from a defendant. This training also gives information about the extent of Breen's skill with a gun. It is, therefore, directly relevant to showing, for example, that his second shot was not a lucky, wild shot but was deliberately aimed. This fact is in turn very important: it undercuts Breen's whole story about shooting as he was frantically jumping out of the way. In any case, knowledge of Breen's training and capability with a gun is part of the

3

information that the jury should have in evaluating whether his decision to shoot was reasonable.

**Mr. Dearington as a "fact witness."** This issue apparently remains unresolved. Plaintiff's concern this that Mr. Dearington will be asked to say or imply that Breen was exonerated, rather than simply not prosecuted -- an unfair inference that could open a sideshow about the state's criminal process. There is no other good reason to call Mr. Dearington: whatever facts he has amount simply to the fact that the law requires an investigation – and he is not needed to say that, especially in view of the potential for prejudice.

**Testimony about Mr. Dearington's report.** Deputy Chief Doody of the North Branford P.D. is identified as a defense witness to testify to the fact that he reviewed the Dearington report and based on his review decided not to discipline Officer Breen. This evidence is irrelevant, and defendant has withdrawn the Dearington report as an exhibit. It should not be allowed in the back door.

**Defendants' use of their own admission.** Defendants seek to offer their own Rule 36 admission, which plaintiff has decided not to offer. It should be excluded as hearsay because a party may not rely on its own admission. *See,* Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2264 (2005) at n.9 and accompanying text, and cases there cited ("A party may not utilize its own admissions at the trial. It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent").

**Defense police practices expert subject to same limitations as plaintiff's expert.** This issue should resolve itself based upon the guidance that the Court gives with regard to Dr. Fyfe.

**Necessity of calling every neighbor.** Plaintiff wants to show that no neighbors heard Breen repeatedly yelling "stop, police," as he claims he did. To prove this negative, we proposed

4

to call the interviewing police officers, but defendant objects, so we may have to call all the neighbors interviewed. Perhaps some accommodation can be found.

**After-acquired information about narcotics.** Defendants apparently propose to refer to the suspected narcotics that Breen found in Guerette's pocket as crack or cocaine, though this information was not available to Breen at the time. Plaintiff objects.

**Court instruction on effect of admissions.** Plaintiff requests, without objection, that the Court instruct the jury at an appropriate point at the beginning of the trial concerning the effect of Rule 36 admissions.

**Judicial notice of statute.** Defendants request, without objection, that the Court take judicial notice of a statute relating to headlight beams.

**Use of video depositions.** Defendant has voiced an objection to plaintiff's plan to use video depositions for impeachment. We know of no reason they should not be permitted.

THE PLAINTIFF

By _____
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

5

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Memorandum was mailed first class, postage prepaid on June 30, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114

                                               _____
                                             David N. Rosen