UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
    Estate of Victoria Cooper,
      Plaintiff,

V.                                  :        CIVIL NO.: 3:00CV00052(RNC)

MICHAEL BREEN,                  :
      Defendant.


MARGARET COWAN,
  as Administratrix of the
    Estate of Victoria Cooper,
      Plaintiff,

V.                                  :        CIVIL NO.: 301CV00229(RNC)

TOWN OF NORTH BRANFORD      :        JULY 1, 2005
      Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO GIVE EFFECT TO ADMISSION</u>**

      Defendants have admitted that Officer Breen was "approximately 50 feet away from the Camaro when he began to pull the trigger on his gun that resulted in the firing of the first shot." In order to head off any problems, we think it is important to identify and resolve a possible issue concerning this response. Defendants apparently may seek to take the position that "approximately" means whatever they want it to mean – for example that 40 feet or 30 feet is "approximately" 50 feet. This issue has become significant because defendants have now disavowed the testimony of their expert that was the basis for their admission. Shortly before defendants made their response, their expert Dr. Manning testified "to a reasonable degree of

1

scientific certainty" that at the moment the first bullet was discharged, Breen was between 43 and 45 feet forward of the Camaro. *See* Deposition of Charles Manning, March 7, 2002 at 124-25, attached as Tab 1.  Defendants now reject that opinion and have given some indication that they will seek restrospectively to change the meaning of their admission to fit their new theory.

      But the word "approximately" is not so malleable. The issue has come up, and courts are clear that "approximately" is a useful word that as a matter of law may not be distorted to encompass substantial variation. On the contrary, it includes only immaterial variations. *See Ortiz v. Principi*, 274 F.3d 1361, 1364-1366 (Fed. Cir., 2001) ["'approximate' is generally understood to mean 'almost exact . . . close to . . . nearly the same" (quoting dictionary definition); statutory term "approximate balance" means "too close to call"]; *Collins v. Shalala*, 1993 U.S. Dist. LEXIS 19031, 8-9 (D. Ala., 1993) (five hours not "approximately" six hours, citing dictionary definitions of "approximate" as "near to; about; a little more or less; close;" and "nearly exact, equal, or perfect"); *Goldstein Oil Co. v. J.M. Sweeney Oil Co.*, 1985 U.S. Dist. LEXIS 18896, 7-10 (D. Ill., 1985) [where "approximately" is used in contract, "the general principle is that only slight variance is allowed," *citing, Pine River Logging Co. v. United States*, 186 U.S. 279, 289 (1902) (approximation term allows for only "accidental or immaterial variations,")]; *Iowa Power & Light Co. v. Burlington N. R.R. Co.*, 1983 U.S. Dist. LEXIS 11443, 32-33 (D. Iowa, 1983) ("approximately" means "nearly correct or exact," quoting the dictionary definition; "approximately" 20 means between 19 and a half and twenty and a half); *Eastern Service Management Co. v. United States*, 243 F. Supp. 302, 305-306 (D.S.C., 1965 (using Black's law definition of "approximately" as "near the amount, near to; about; a little more or less; close," 7% and 20% variations made sizes were materially different and therefore

not "approximately" the same). The Supreme Court made the same point in *BFP v. Resolution Trust Corp.*, 511 U.S. 531(1994), finding that "reasonably equivalent" means "'approximately equivalent," which is not the same as "as close to equivalent as can reasonably be expected." 511 U.S. at 540, n.4.

Applied to this case, the outer bounds of "approximately 50 feet" may possibly be stretched to include the range from 45 to 55 feet, using the interpretation that 50 feet may refer to the nearest round number. But below 45 feet is no longer "approximately 50 feet;" any number below 45 feet does not even round off to 50 feet. In any case, "approximately 50 feet" also means that 50 feet is the best estimate of the distance; it cannot mean that "approximately 50 feet" is one estimate of the distance but "approximately 40 feet" is a *better* estimate. As the Supreme Court said in *BFP*, "Such word-gaming would deprive the criterion of all meaning."

This interpretation is also consistent with what the record shows is defendants' own understanding of their admission. The admission's careful distinction between the point at which the shot was fired and the point when Officer Breen "started to pull the trigger" shows that defendants were identifying a point with specificity. Likewise, in their recent effort to amend their admission, defendants were at pains to assure the Court that they were not retreating from their admission but wished to emphasize the length of time that it would take to pull the trigger, and the distance that the Camaro could travel during that time. It was for *that* reason, defendants argued, that Breen might have been closer to the Camaro than the admission would suggest. *See* Defendants' April 14, 2005 *Memorandum of Law in Support of Defendants' Request for Leave to Amend Responses to Plaintiffs' First Request for Admissions dated April 29, 2002*, at 3. There was no hint that defendants might seek to reinterpret their admission to define "approximately 50

feet" to include any number significantly less than 50 feet. Additionally, as noted above, the admission, with its distinction between the start of the trigger pull and the moment of discharge, was filed shortly after defendants' expert had used that distinction to parse the distances involved and estimated the distance at the time the shot was actually fired as 43 to 45 feet.

    Plaintiff therefore requests that the parties, witnesses (especially expert witnesses) and the jury be instructed concerning the meaning of "approximately 50 feet," either by giving a number range or by instructing the jury that it clear that any variation from 50 feet is too small to be material.

THE PLAINTIFF

By /s/ Barbara Goren
David N. Rosen
Barbara Goren
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
CT26728
E-mail:drosen@davidrosenlaw.com
E-mail:barbara.goren@aya.yale.edu

**CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum was sent first class mail, postage prepaid on July 1, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114

                                                /s/ Barbara Goren
                                                Barbara Goren