## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | :<br>:<br>: | NO.: 3:00 CV 0052 (RNC) |
| v. | :<br>:<br>: | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | :<br>:<br>: | NO.: 3:01 CV 0229 (RNC) |
| v. | :<br>:<br>: | |
| NORTH BRANFORD | : | JULY 5, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO GIVE EFFECT TO ADMISSIONS AND OPPOSITION TO PLAINTIFF'S MOTION TO GIVE EFFECT TO ADMISSIONS

### I.    BACKGROUND.

The plaintiff propounded on the defendant requests for admissions asserting that Officer Breen moved from left to right between his first and second shots. Plaintiff has never withdrawn her requests for admissions or attempted to withdraw them. The defendants now seek to submit evidence to the jury of the plaintiffs request for admissions and the defendants response. This argument is appropriately joined with the issue of plaintiff's motion to give effect to admissions and memorandum re open issues.

### II.    LAW AND ARGUMENT.
#### A.    STANDARD OF REVIEW

"District court judges enjoy wide latitude in determining whether evidence is admissible at trial; [the appellate court] reviews evidentiary rulings under a deferential abuse of discretion standard." *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 54 (CA2

2000).

**B.    THE PLAINTIFF'S REQUESTS FOR ADMISSION MAY BE READ TO THE JURY.**

Federal Rules of Civil Procedure Rule 36 is clear:

**(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

The defendants in this case seek to admit by cross-examination or otherwise the plaintiff's requests for admission. The plaintiff requested and the defendant answered as follows:

57.    Between his two shots, Breen moved generally toward his right.

**RESPONSE**:        Admitted.

Although not binding on the party requesting admissions, the opposing party may offer the requests for admission into evidence. *Collins By and Through Kay v. Seaboard Coast Line R. Co.*, 675 F.2d 1185, 1196 (1982).

In *Collins*, the plaintiff sought to admit *the defendants* requests for admissions and the plaintiff's own responses thereto into evidence. *Collins*, 675 F.2d at 1195. The defendant had submitted requests for admissions that the train involved in an accident was traveling at a speed of 55-60 miles per hour. *Id.* The district court agreed the plaintiff could submit the defendant's requests for admissions and the plaintiff's responses to the jury, holding Federal Rules of Civil Procedure 36 states that a matter admitted is conclusively established. *Id.* However, as supported by precedent not cited

2

in the opinion, the court allowed the defendant to offer evidence that contradicted the

facts contained in the responses.  *See Champlin v. Oklahoma Furniture Mfg. Co.*, 324

F.2d 74, 76 (10th Cir.1963) ("The submission of requests for admissions by a litigant

does not, in and of itself, bind the litigant to the truth or existence of the facts contained

in the answers to the requests.").

      The Court of Appeals stated:

> An argument could well be made that, since they take the place of the
> cross- examination of an opposing witness (the party himself) the
> propounder of the question ought to be "stuck" with the answer or, if the
> filing of a request for admissions and the responses thereto are to be
> considered somewhat in the nature of the pleadings in the case, an
> equally fair argument could be made that the party who asserts the fact as
> to which he requests a response from his opponent should be bound as
> much as if he had amended his pleadings to include the propounded
> statement.

*Collins*, 675 F.2d at 1196.

      The court then went on to "conclude that the trial court did not commit reversible

error by the admission of these answers to the request for admissions."  *Id.*

> In fact, there is no provision in Federal Rules of Civil Procedure 36 that dictates
> that the matter admitted is only conclusively established as to the admitting party.
>  The arguments that apply to the reasoning of why the matter is conclusively
> established apply equally to both the propounder and respondent alike.  For
> example, judicial economy and the prejudice avoided by being able to rely upon
> the facts admitted in planning for evidence and witnesses at the trial are just a
> couple of reasons the admissions should be binding on both parties.   This very
> case is an example of this.

      The requests for admissions are both relevant and probative in this case.  The

requests for admissions establish that plaintiff's theory was at one time that Officer

Breen was indeed moving to his right to avoid the vehicle coming at him.  Plaintiff has

argued previously that the testimony of Drs. Manning and Eberhardt should be fully

admitted because defendants have disclosed their opinions, allowed them to be

deposed and even used their opinions in support of a motion for summary judgment.

And, plaintiff has argued successfully that defendant should not be allowed to amend responses to requests for admission, although subsequent physical forensic evidence has demonstrated that defendant was clearly closer to the Camaro at the time of the first shot than he originally estimated.  These exact same arguments are equally applicable to plaintiff's request for admissions.

The plaintiff's requests for admissions, even if not binding on the plaintiff, are relevant to the weight and credibility of the subsequent opinions of plaintiff's experts Michael Miller and Kent Schwendy.

### D. THE PROBATIVE VALUE OF THE ADMISSIONS IS NOT OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, IF ANY.

The Plaintiff was certainly aware, and in fact, intended to use the requests and the answers in resolution of this matter.  As such, Plaintiff can hardly claim prejudice by the defendants' use of the requests for admissions.  Plaintiff should have been wary of the fact that the requests for admissions conclusively establish any matter admitted. Fed. R. Civ. Proc. 36.

### E. THE REQUESTS FOR ADMISSIONS ARE ADMISSIBLE AS ADMISSIONS OF A PARTY OPPONENT.

"While hearsay admissions are admissible if offered against the maker of the statements in question, they are not admissible if offered by the maker" *Farrington v. Bath Iron Works Corp.*, 2003 WL 278172, *3 ((D.Me. 2003) *citing* Fed.R.Evid. 801(d)(2). What is clear is that the request itself, rather than the answer, is admissible by the requesting party by operation of Fed. R. Civ. Proc. 36.  However, what is also clear is that the request by the propounder is admissible by the opposing party as an *Admission of A Party-Opponent* pursuant to Federal Rules of Evidence 801(d)(2) A, B, C, or D.

4

Federal Rules of Evidence 801(d) states in relevant part:

> **(d) Statements which are not hearsay.** A statement is not hearsay if—
>
> **(2) Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Federal Rules of Evidence Rule 801, 28 U.S.C.A.

However, it is clear that Mrs. Cowan adopted these statements based upon the findings of the state police, her own expert's conclusions, and the advice of her attorney and, therefore, they fall under the provisions of subsections A, B, C and D, if not all of these provisions.

Allowing admission of the statements and representations made in the course of litigation is not without precedent. In *Variety Club Tent No. 6 Charities, Inc. v. C.I.R.* 1997 WL 796204 (U.S.Tax Ct. 1997), the petitioner filed a trial memorandum representing the testimony of a certain witness. *Id.* The petitioner did not call the witness. *Id.* The respondent, Commissioner of Internal Revenue, offered the trial memorandum into evidence, which the court accepted and considered. *Id.* Petitioner argued that it could not have admitted the facts established by the pretrial memorandum because it was never served with requests for admissions. *Id.* The court stated:

> As we explained at trial, when respondent offered petitioner's trial memorandum into evidence, although petitioner's statements in the trial

5

memorandum are not "admissions" in the sense of Rule 90, Tax Court
Rules of Practice and Procedure, those statements are "admissions" in
the sense of Fed.R.Evid. 801(d)(2). Those statements are not excludable
as hearsay, they are relevant, and they may be received into evidence
unless they are excludable for some other reason. Petitioner has not
shown another reason for exclusion.

*Variety Club Tent No. 6 Charities, Inc. v. C.I.R.* (U.S.Tax Ct. 1997).

"Moreover, pursuant to Federal Rule of Evidence 801(d)(2), a statement by one's

attorney may be an admission by a party-opponent.  *In re Prairie Trunk Ry.,* 1991 WL

149601, *6 (Bankr.N.D.Ill.) (Bkrtcy.N.D.Ill. 1991) (citing *United States v. McClellan,* 868

F.2d 210, 215 n. 9 (7th Cir.1989) ("The rule, however, clearly encompasses statements

his attorney made on his behalf. Rule 801(d)(2)(C-D)")). Furthermore, pleadings of party

opponents containing allegations are regularly admitted into evidence.  Based upon the

foregoing, the plaintiff's requests for admissions are admissible.

### F.    PLAINTIFF'S ATTEMPT TO QUANTIFY THE WORD "APPROXIMATELY" IS IMPROPER AND MISPLACED; SHE IS FREE TO CROSS-EXAMINE OFFICER BREEN THIS ISSUE.

The plaintiff advances a novel argument that the word "approximately" has some

special legal meaning and Officer Breen should be bound by that definition. Plaintiff's

efforts must be rejected.  Plaintiff's efforts make no sense when viewed in the context of

the admission and response – plaintiff wants to conclusively establish something that is

an approximation, and limit Officer Breen to a hyper-technical reading of the word

"approximately." While that word may have special meaning in science, engineering or

contract, Officer Breen utilized that word in estimating a distance as a layman.

Plaintiff's efforts are particularly misplaced when placed in context of Dr. Lee's

reconstruction of the incident that Officer Breen overestimated the distance.  In fact,

Breen estimated the Camaro was 250 feet from him when it started to drive at him.  Dr.

Lee's reconstruction conclusively establishes that the distance was 177 feet. A fact

which the plaintiff does not dispute. The plaintiff is free to cross-examine Officer Breen on whatever variation that she believes may develop at trial.

The cases cited by the plaintiff are distinguishable and make no sense in the context of the present effort; indeed none of the reported cases have anything to do with requests for admissions under Rule 36. *See Ortiz v. Principi*, 274 F.3d 1361 (Fed. Cir. 2001) (examining the word "approximate" in context of statute); *Eastern Service Management Co. v. United States*, 243 F.Supp. 302 (E.D.S.C. 1965) (examining the word "approximate" in context of contract); *Goldstein Oil Co. v. J.M. Sweeney Oil Co.*, ___ F.Supp.2d ___, 1985 WL 1725 (N.D.Ill. 1985) (same); *Pine River Logging & Improvement Co. v. United States*, 186 U.S. 279 (1902) (same); *BFP v. Resolution Trust Co.*, 511 U.S. 531 (1994) (examining the word "approximate" in context of market value in foreclosure-sale and meaning of "reasonably equivalent").

## III.    <u>CONCLUSION.</u>

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that their motion to give effect to admissions is granted, the plaintiff's motion to give effect to admissions is denied

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
MICHAEL BREEN and TOWN OF
NORTH BRANFORD

_____
Thomas R. Gerarde, ct5640
John J. Radshaw, III, ct19882
Jeffery E. Potter, ct26356
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 5th day of July 2005.

David N. Rosen, Esquire
Rosen & Dolan, PC
400 Orange Street
New Haven, CT  06511

_____
Thomas R. Gerarde
John J. Radshaw, III
Jeffery E. Potter

8