UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | :<br>:<br>: | NO.: 3:00 CV 0052 (RNC) |
| v. | : | |
| MICHAEL BREEN | : | |

| | | |
|---|---|---|
| MARGARET COWAN,<br>ADMINISTRATRIX OF THE ESTATE<br>OF VICTORIA COOPER | :<br>:<br>: | NO.: 3:01 CV 0229 (RNC) |
| v. | : | |
| NORTH BRANFORD | : | JULY 8, 2005 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE DRUG EVIDENCE**

The defendants submit the following supplemental memorandum of law concerning their opposition to the plaintiff's motion in limine regarding the drug evidence.

I.   **RECORD DEVELOPED SINCE MOTION ARGUMENT**

This motion was argued on Friday, June 24, 2005 before the court with counsel of record for both parties present. After hearing counsel for both sides, the court concluded that the first category of "drug evidence" is that evidence demonstrative of Cooper's drug use over time, her history of drug use, abuse and dependence, her purchase and use for herself and friends, her purchase for sale to others, her drug intoxication at work, the marginalizing effects of her drug use on her life and her loss of the Amtrak job as a result of her failure to complete a drug test during the probationary

period, among other personal consequences of drug use and abuse, would not be admissible in the liability phase of the trial and the court would reserve decision if it were admissible in the damages phase. The court properly concluded that the third category of drug evidence, the evidence establishing Guerette's drug use and intoxication on the night in question, Officer Breen's discovery of Guerette's possession of two bags with a white powdery substance at the time Officer Breen attempted to take Guerette into custody, was relevant, admissible and probative. That evidence has already been received by the jury.

At the motion hearing, the court did not rule on the second category of drug evidence is that evidence establishing Cooper's drug use and intoxication on the night in question, the possession of bags of cocaine in her sock on the night in question, and the constructive possession of bags of cocaine in the subject vehicle near her on the night in question. The court heard a great deal of argument on this issue, (Trans., June 24, 2005, pp. 87-106), and t the conclusion of the motion hearing, the court stated that no ruling would be made at that time. *Id.*, pp. 104-6.  Following jury selection and during a discussion of preliminary issues on the record, the court stated following a request for a ruling on this motion:

> THE COURT:  All right.  If they're motions in limine, I'm not ruling.  I've given you the rulings that I feel comfortable giving you in advance of trial.  A motion in limine is intended to address something that's clear-cut and need not await trial.  The question about whether evidence should come into the case with regard to Ms. Cooper's possession of drugs or drug use is not such an issue.  It's not going to come in until I explicitly rule on it.  I'm not content to rule on the basis of the record that I have right now.

Trans., July 5, 2005, pp. 100-1.

Apparently cognizant that he could "open the door" to the admissibly of such evidence, plaintiff's counsel asked the court if it could give him guidance on such "land mines" that might establish the admissibility of the second category drug evidence. *Id.*, p. 101. The court reminded plaintiff's counsel that he had heard the defendants' reasons for offering this evidence. *Id.*

The defendants now argue that the door is open and the evidence of drug use on the night in question, the possession of drugs on her person and where she was sitting are all relevant, admissible and probative of Cooper's motive, particularly when the plaintiff has put Cooper's motive and intent at issue and where the second category of drug evidence corroborates Officer Breen's account and defense.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

The decisions of the district court on evidentiary issues are reviewed for abuse of discretion. *United States v. Garcia*, 291 F.3d 127, 139-40 (CA2 2002). Fed.R.Evid. 401 provides "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 403 provides although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See SEC v. Peters*, 978 F.2d 1162, 1171 (CA10 1992) (noting almost all evidence, in the eyes of one party or the other, will be perceived as prejudicial).

Evidence of other acts is not admissible to prove that the actor had a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait. Rule 404 provides that, with certain exceptions not pertinent here, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," Fed.R.Evid. 404(a), and that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b). Rule 404(b) does, however, provide that other crimes, wrongs, or acts "may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see also Huddleston v. United States,* 485 U.S. 681, 687-88 (1988); *United States v. Pitre,* 960 F.2d 1112, 1119 (CA2 1992).

Where intent is in issue, evidence of other acts that bear on intent is properly admissible under Rule 404(b). *Hynes v. Coughlin*, 79 F.3d 285, 290-291 (CA2 1996). For example, in a civil rights suit brought by a prison inmate, where the plaintiff testifies that he struck a corrections officer reflexively and by accident, the trial court may properly admit evidence of the plaintiff's prison disciplinary record of assaults to show the absence of mistake. *See Young v. Rabideau* 821 F.2d 373, 376-80 (CA7 1987), *cert. denied,* 484 U.S. 915 (1987).

> B. **GIVEN THE RECORD EVIDENCE ELICITED BY THE PLAINTIFF CONCERNING THE STATE OF MIND AND KNOWLEDGE OF THE DECEDENT, THE EVIDENCE OF HER USE OF COCAINE ON THE NIGHT IN QUESTION, POSSESSION OF DRUGS IN HER SOCK ON THE NIGHT IN QUESTION AND CONSTRUCTIVE POSSESSION OF DRUGS IN THE SUBJECT VEHICLE BEFORE THE SHOOTING IS RELEVANT, ADMISSIBLE AND THE PROBATIVE VALUE OUTWEIGHS ANY PREJUDICE BECAUSE THE PLAINTIFF HAS OPENED THE DOOR TO THE DECEDENT'S STATE OF MIND AND KNOWLEDGE.**

The defendants reassert their argument that the following evidence should be admitted in the liability phase of this trial:

(1) Cooper's cocaine intoxication at the time of the shooting, the amount of cocaine in her blood and the evidence that she smoked crack cocaine near in time to the shooting,

(2) Cooper's possession of bags of crack cocaine in her sock while in the subject vehicle, and

(3) Cooper's constructive possession of bags of crack cocaine in the subject vehicle, near in vehicle where Cooper had been sitting as a passenger.

This evidence is relevant, admissible and the probative value of this evidence outweighs any prejudicial impact. This is so because the plaintiff, through counsel, has made Cooper's

The drugs found in the possession of Cooper that night indicate a motive to run, and escape, at any cost; which includes a motive to injure or kill Officer Breen. The presence of a substantial amount of drugs on Cooper and her cocaine intoxication is both relevant and probative to motive for the decedent getting into the driver's seat and

driving toward Officer Breen. The plaintiff was facing arrest and possible prosecution. It would be highly prejudicial to the defendants to exclude this evidence, because without it, the jury is left to speculate as to why the decedent attempted to escape the scene. *Manatt v. Union Pacific R. Co.* 122 F.3d 514, *517 (CA8 1997) (drug use and depression properly admitted it as relevant evidence under Fed.R.Evid. 401 and 402 because the cause of the initial accident was directly in issue, and the extent of [Scott's impairment] is evidence that clearly bears on the accident's cause, *citing Swajian v. General Motors Corp.*, 916 F.2d 31, 35 (CA1 1990))

Evidence tending to show a motive to flee is relevant, admissible and the probative value exceeds any prejudice shown. In *Dean v. Watson*, 1995 WL 692020, at *1-*2 (N.D.Ill. Nov. 16, 1995), the court concluded that evidence of two outstanding bond forfeiture warrants for his arrest at the time of the Incident "g[ave the plaintiff] a strong motivation to avoid capture." Id. at *2. The court held the evidence of the bond warrants admissible for the purpose of demonstrating the plaintiff's motive to resist arrest. *Id.* at 3. The court in *Daniels v. Loizzo* 986 F.Supp. 245, *248 (S.D.N.Y.,1997), agreed, holding the introduction of evidence about the outstanding parole warrant as motive for resisting the arrest as appropriate. Certainly, possession of bags of crack cocaine is a motive to run or avoid arrest just as a warrant.

It is accepted law to establish evidence of conduct leading that could lead to an arrest or the arrest itself, including the convictions stemming from that arrest as admissible to provide the jury with a full account of the events giving rise present claims and to demonstrate a motive to run, hide, and resist arrest. *See, e.g., Hernandez v. Cepeda*, 860 F.2d 260, 265 (CA7 1988) (holding that evidence of charges on which

arrestee was being arrested at time of alleged civil rights violations was admissible to demonstrate motive to resist arrest). In *Greene v. Distelhorst,* 116 F.3d 1480, 1997 WL 351298, *4 (CA6 1997), the court concluded a drug abuse conviction was based on the marijuana found in the plaintiff's possession at the time of the arrest was admissible for the purpose of demonstrating *Greene* plaintiff's motive to flee and resist arrest and the officers' motive to maintain pursuit. The court held the conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting the plaintiff; and second, because the plaintiff was found guilty of resisting arrest, he was precluded from re-litigating that issue in this action. The court found the evidence was necessary to provide the jury with a full account of the events surrounding the plaintiff's claims against the City and the police officers, it was admissible for that legitimate purpose, and the district court did not abuse its discretion in admitting it for that limited purpose. Not only is it relevant, but given the presence of cocaine and/or drug paraphernalia on Steven Guerette, a reasonable police officer would have probable cause to believe that there may have been more drugs present in the vehicle and/or that Ms. Cooper had knowledge of the presence of such drugs and and/or was involved in the possession and/or use of the drugs.

  Look at the evidence developed in the record so far: Plaintiff's counsel has described this case to the jury as a "murder mystery" which implies a question of motive. Trans., July 6, 2005, p. 27. Plaintiff's counsel argued that the jury must test one story (Officer Breen's) over the physical evidence, particularly because the decedent is

not present to testify. *Id.* Counsel argues Cooper was "just sitting there behind the wheel," implying no harmful intent. *Id.* pp. 33-4.

    Plaintiff's counsel certainly opened the door when he asked Officer Breen if he thought Cooper intent on doing him harm. Trans., July 6, 2005, p. 108. Counsel followed up with questions whether Officer Breen though Cooper had an inclination of doing him harm. *Id.*; whether as a police officer, didn't he need to be aware of people intent on doing him harm? *Id.*; was Cooper's demeanor was aggression or evasion; *Id.*, 108-11, 112-3.

    Plaintiff's counsel did not dispute that Guerette was in possession of drug residue and fled Officer Breen when faced with arrest, (Trans., July 6, 2005, p. 111) but instead questioned Officer Breen what he thought Cooper could see. *Id.* p. 124. Plaintiff's counsel wanted to know about why the Camaro was accelerating, ostensibly driven by Cooper, *Id.* p. 129; but also how Officer Breen thought Cooper made the decision to drive in Breen's direction, *Id.* 129. Plaintiff's counsel explored what Officer Breen speculated about whether Cooper had knowledge of direction of his pursuit of Guerette., *Id.* p. 130, and whether Cooper lost sight of Breen when he began the pursuit? *Id.*, 131. Counsel wanted to know what Breen thought about where Cooper was going to drive. *Id.* 133.

    Defendants' counsel elicited testimony from Officer Breen about he need to make several knocks on the window to get the attention of Cooper and Guerette. Trans., July 7, 2005, p. 193. Officer Breen testified about the nervousness, the shaking hands and legs and his experience with nervous and normal – *Id.*, pp. 193-4. Officer Breen testified

that he received no response to his waving and shouting, *Id.* p. 209, and that he sensed danger from the Camaro, p 210

Rather than walk away from questions about Cooper's knowledge, state of mind, intent and motive, plaintiff's counsel embraced these subjects. Counsel asked about Cooper's reaction, *Id.*, p. 236, and, surprisingly, directly asked Officer Breen (and the jury, indirectly), to look at the situation from the point of view of the driver . *Id.*, p. 240. Plaintiff's counsel elicited testimony on her failure to respond , p. 241, what Cooper heard, *id.*, and what Breen thought Cooper saw, p. 243. Plaintiff's counsel continued with questions on how Cooper behaved and wanted to know what Cooper thought, what she knew about whether she was free to leave, p. 258, or that Officer Breen had called in the registration of the vehicle, *Id*.

The defendants offer the evidence of drugs in her sock, in her system, and under the rug in the passenger side of the vehicle to explain that her conduct was consistent with what Officer Breen testified: Cooper was trying to run him down.  The presence of drugs in the vehicle, in her system and where she was sitting, is evidence that the decedent saw the officer waving his arms in heard him yelling stop, and decided not to stop or slow down.

Defendants concede that Cooper's past drug use is not admissible to prove his/her bad character or to show that she acted in conformity therewith under Fed. R. Evid. 404(a) – such is relevant to damages. However, this second category of drug evidence is admissible under Fed. R. Evid. 404(b) for other purposes to explain motive and intent when those issues are relevant to explain or corroborate the defendants' defenses, such as explaining the suspect's reason to resist detention, flee and avoid

capture or attempt to injure or kill an arresting officer, even if they are not known to the arresting officer at the time.  *Stevenson v. D. C. Metropolitan Police Dep't*, 248 F.3d 1187, 1191 (D.C. Cir.) (although not known at time to police, subject's possession of gun was relevant, because it showed his motivation to escape at all costs); *Edwards v. Thomas,* 31 F. Supp. 2d 1069, 1073 (N.D. Ill. 1999) (jury could view plaintiff's consumption of contraband, 49 bags of heroin, as significant in determining whether was "vigorously and actively" resisting); *Daniels v. Loizzo*, 986 F. Supp. 245 (S.D.N.Y. 1997) (court admitted evidence of existing parole warrant to prove motive to resist arrest); *Schadler v. Anthem Life ins. Co.*, 1999 WL 1044486 (N.D.Tex. 1999) (decedent's state of mind and intent are informed by the types of particular drugs ingested); *United States v. Bitterman*, 320 F.2d 723, 727, 60 Fed.R.Evid.Service. 1047 (CA7 2003) (admission of evidence supporting heroin use five years before robbery and evidence of drug addiction was relevant and admissible to defendant's motive to commit the robbery in question); *Grimes v. Mazda North American Operations*, 355 F.3d 566, 63 Fed.R.Evid.Serv. 309 (CA6 2004) (evidence of alcohol and drug use on evening of accident relevant to existence of impaired memory and credibility of witness); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505, 40 Fed.R.Evid.Serv. 598 (CA5 1994) (post-accident positive drug test admissible to show plaintiff was under the influence at the time of the accident); *State v. Dickson*, 12 Utah 2d 8, 13 361 P.2d 412 (1961) (evidence that defendant was fugitive from justice and would be trying to desperately to avoid capture by police and would therefore have strong motive for killing peace officer relevant and admissible to show motive for killing); *Mendoza v. Gates*, 19 Fed.Appx. 514, 2001 WL 1003066 (CA9 2001) (evidence of cocaine ingestion/possession relevant

to decedent's motive to flee in connection with high-speed police pursuit that ended in justified use of deadly force by officer against the decedent driver); *United States v. Johnson*, 1997 WL 732436 *1 (D.D.C.) (fact that possession of illegal drugs could lead to substantial prison term provided strong motive to flee); *United States v. Cort*, 1998 WL 732429 *3 (D.D.C.) (fact that possession of illegal drugs could lead to deportation provided strong motive to flee); *State v. Boyd*, 2004 WL 440207 (Wash.App.Div. 2) (evidence that defendant's driver's license was suspended is admissible and probative to determine defendant's motive to resist arrest); *Barnes v. City of New York*, 296 A.D.2d 330, 745 N.Y.S.2d 20 (2002) (jury verdict in favor of plaintiff set aside and judgment reversed when trial court precluded evidence of plaintiff's membership in antisocial gang which espoused ideological hatred for police in personal injury action against peace officer who shot plaintiff in course of pursuit and arrest).

  Accordingly, the court should deny the plaintiff's motion in limine with respect to any evidence about Victoria Cooper's drug use, possession, or criminal activity associated thereto in the liability phase of this trial. Therefore, the second category of drug evidence is admissible in all phases of this case, certainly the liability phase.

### III. **CONCLUSION.**

For the reasons set forth above, the defendants, MICHAEL BREEN and TOWN OF NORTH BRANFORD, pray that the plaintiff's motion in limine is denied.

                THE DEFENDANTS,
                MICHAEL BREEN and TOWN OF
                NORTH BRANFORD

                _____
                Thomas R. Gerarde, ct5640
                John J. Radshaw, III, ct19882
                Jeffery E. Potter, ct26356
                HOWD & LUDORF
                65 Wethersfield Avenue
                Hartford, CT  06114
                (860) 249-1361
                (860) 249-7665 (fax)

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 8th day of July 2005.

David N. Rosen, Esquire
400 Orange Street
New Haven, CT  06511

                _____
                Thomas R. Gerarde
                John J. Radshaw, III
                Jeffery E. Potter