UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
       Plaintiff,

V.                              :        CIVIL NO.: 3:00CV00052(RNC)
                                       ALL CASES

MICHAEL BREEN,       :
       Defendant.


MARGARET COWAN,
  as Administratrix of the
  Estate of Victoria Cooper,
       Plaintiff,

V.                              :        CIVIL NO.: 301CV00229 (RNC)

TOWN OF NORTH BRANFORD    :        JULY 8, 2005
       Defendant.

**PLAINTIFF'S SUPPLEMENTAL REQUESTS TO CHARGE
RE: LIABILITY OF DEFENDANT BREEN**

       Plaintiff requests that the court charge the jury as follows:

**Unreasonable Use of Force**

1**.**       The defendant's use of deadly force was lawful only if at the time he fired the second, fatal shot he had probable cause to believe that Ms. Cooper posed a significant threat of death or serious physical injury to him.

*Cowan v. Breen*, 352 F.3d 756, 763 (2d Cir., 2003)


2.       Whether or not the defendant's stop of the Camaro was lawful or he had a right to search

the Camaro for contraband, is immaterial to your decision, since the right to search a vehicle does not justify the use of deadly force to ensure the vehicle does not get away.

*Cowan v. Breen*, 352 F.3d 756, 762 (2d Cir., 2003)

3.     The test is whether any reasonable officer in the defendant's position would have believed that at the crucial moment that he fired the second shot that the use of deadly force was necessary.

*Cowan v. Breen*, 352 F.3d 756, 763 (2d Cir., 2003).

4.     The defendant's use of deadly force was lawful only if he reasonably believed at the moment he fired his second, fatal shot at Ms. Cooper that she posed a significant threat of death or serious physical harm to him at that time.

*Cowan v. Breen*, 352 F.3d 756, 764 (2d Cir., 2003).

5.     The defendant has admitted that a reasonable officer could determine if he was at risk of being struck by the Camaro at the time the second shot was fired. Accordingly, you do not need to address this issue. The question that you need to address is whether the defendant was in fact at risk of being struck by the Camaro at the time that he fired his second, fatal shot. If he was not actually at risk of being struck by the Camaro at that time, then you should find for the plaintiff.

     Defendants' Response to Requests for Admission Nos. 79-81.

**Assault**

1.     In order to determine whether the defendant has proven his defense of self-defense, you must first determine whether, on the basis of all the evidence, the defendant in fact honestly believed that deadly force, rather than no force or some lesser degree of force, was necessary to defend himself from the use of deadly force by his victim. If you determine that the defendant honestly believed that deadly force was necessary, you should then determine whether the defendant's honest belief was reasonable. If the defendant fails to prove *both* that he honestly believed that deadly force was necessary *and* that this belief was reasonable, then you should find for the plaintiff on the claim of assault.

*State v. Smith*, 73 Conn. App. 173, 185-186 (Conn. App. Ct., 2002)


2.     The defendant has admitted that a reasonable officer could determine if he was at risk of being struck by the Camaro at the time the second shot was fired. Accordingly, you do not need to address this issue. The question that you need to address is whether the defendant was in fact at risk of being struck by the Camaro at the time that he fired his second, fatal shot.  If he has not proven that he was actually at risk of being struck by the Camaro at that time and that he honestly and reasonably believed that deadly force was necessary to protect himself, then you should find for the plaintiff.

   Defendants' Response to Requests for Admission Nos. 79-81.

THE PLAINTIFF

By /s/
David N. Rosen
400 Orange Street
New Haven, Connecticut 06511
(203) 787-3513
CT00196
E-mail: drosen@davidrosenlaw.com

CERTIFICATION

    I hereby certify that a copy of the foregoing Request was hand delivered on July 8, 2005 to:

Thomas R. Gerarde, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut  06114

/s/
David N. Rosen